IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ORCHESTRATE HR, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13 CV-2110-P |
| | § | |
| **ANTHONY L. TROMBETTA and THE** | § | |
| **BORDEN-PERLMAN INSURANCE** | § | |
| **AGENCY, INC.** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants The Borden-Perlman Agency, Inc. ("Borden-Perlman") and Anthony Trombetta ("Trombetta") (collectively, "Defendants") file this Response to the Motion to Compel Production ("Motion") (Dkt. 46) filed by Plaintiff Orchestrate HR, Inc. ("Orchestrate" or "Plaintiff") and respectfully show the Court:

### I.   BACKGROUND

1. In response to Plaintiff's production requests, Defendant Trombetta produced text messages and other documents. Plaintiff seeks to compel production of certain texts that were redacted ("Text Messages") under Defendants' objections, including work product doctrine.

2. The Text Messages—as explained to Plaintiff in conversations, meetings, and in a privilege log—are communications between Trombetta and his co-employees about this lawsuit. These messages are distinguishable from unredacted text messages that are related to the facts underlying this lawsuit. Plaintiff's counsel reviewed many of the redacted Text Messages during an attorneys'-eyes-only review and Defendants offered an *in camera* inspection.

Nevertheless, Plaintiff filed its Motion without narrowing the scope of redacted Text Messages to those messages that Plaintiff's counsel has not viewed.

3. Plaintiff's Motion provides a "Factual Background" that does not assert facts, but instead uses hyperbole (*e.g.,* claiming Trombetta is "hiding" information) and makes arguments (*e.g.,* calling Defendants' employees "co-conspirators" involved in "ongoing conspiracy and collusion"). *See* Pl's Pet., p. 3, ¶ 9; p. 3, ¶ 9. Further, the Motion lacks clarity for requested relief and fails to provide a basis for compelling further action in the discovery process.

4. As the Court is likely aware, Plaintiff filed confidential materials as exhibits to the Motion in violation of the parties' Agreed Protective Order that was entered by this Court. *See* Dkt. 31. Without involving the Court, Defendants' counsel contacted Plaintiff's counsel regarding the violation; Plaintiff's counsel then asked the Clerk to seal the Motion.

## II. ARGUMENT & AUTHORITIES

### A. Plaintiff's Motion fails for lack of clarity.

5. Plaintiff asks the Court to compel production, but fails to identify a relevant production request. *See generally* Pl's Mot. Indeed, Plaintiff's counsel has seen that many of the Text Messages are redacted for lack of relevance, for example:

```
From: From: +14123548525
TimeStamp: 06/06/2013 9:50:31 PM(UTC+0)
Source Application: iMessage: +14123548525
Body:
I have a HS graduation to go to in :45 min.
```

6. Plaintiff's lack of clarity and over breadth fails to support its request for relief.

7. Also, Plaintiff asks the Court to compel production, but fails to identify a proposed producing party. *See generally* Pl's Mot. Although Plaintiff complains that Trombetta failed to demonstrate the work product privilege, Plaintiff does not provide its

production requests to Trombetta – nor Trombetta's responses and objections to such requests. *See* Pl's Mot., p. 2, ¶ 3; *see generally* Pl's Mot. This failure to provide necessary discovery materials shows a lack of clarity and violates the Court's rules. *See* N.D. Tex., L.R. 5.2(d) ("When discovery materials are necessary for consideration of a pretrial motion, a party shall file only the portions of discovery on which that party relies to support or oppose the motion."). Plaintiff also obscures the objections raised to whatever request may be relevant to its Motion.

8. Also, instead of providing Borden-Perlman's live, amended discovery objections and responses, Plaintiff attached Borden-Perlman's original discovery responses as an exhibit to the Motion. *See* Pl's Mot., Ex. A.



9. That exhibit is not relevant to the Motion and violates the Court's rules. *See* N.D. Tex., L.R. 5.2(c) ("A motion that relates to a discovery proceeding must only contain the portions of the discovery materials in dispute.").

**B. Work product doctrine exempts production of the Text Messages.**

10.     Plaintiff mistakenly ignores that state law applies to this issue because state law governs privilege when state law supplies the rule of decision. FED. R. EVID. 501; TEX. R. CIV. P. 192.5(d) (assertion of work product is an assertion of privilege); *compare Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*, 2009 U.S. Dist. LEXIS 15901 (N.D. Tex. 2009) (applying state law to determine work product in federal case) *and Sonerra Res. Corp. v. Pinnacale Oil Servs.*, 2003 U.S. Dist. LEXIS 28137 (S.D. Tex. 2003) (state law determines work product in federal cases when claims and defenses are asserted under state law) *with Schmidt v. Rodriguez (In re Rodriguez),* 2012 Bankr. LEXIS 3620, at *15 (Bnkr. S.D. Tex. 2012) (work product doctrine, even where state law provides the rules of decision, is governed by FED. R. CIV. P. 26).

11.     Under state or federal law, the Text Messages are exempt from production under the work product doctrine.  Plaintiff asserts that work product doctrine is *only* applicable to documents prepared by or for an attorney. Pl's Mot., p. 7, ¶ 22. This assertion is incorrect. Under federal and state rules, the work product doctrine also exempts producing communications made in anticipation of litigation or for trial by or for Defendants or their representatives. *See* FED. R. CIV. P. 26(b)(3); *see also* TEX. R. CIV. P. 192.5; *see also In re JDN Real Estate-McKinney L.P.,* 211 S.W.3d 907, 925 (Tex. App.—Dallas 2006, pet. denied) (work product extends not only to documents the attorney generates, but also to communications between the party or its representatives, including the party's employees or agents.).

12.     Plaintiff does not dispute that the communications were made between Defendants and their representatives. *See generally* Pl's Mot.  Nor does Plaintiff dispute that the redactions are for communications during the lawsuit. *See generally* Pl's Mot.  Further, the redacted Text Messages were made confidentially between co-employees and were not (1)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**                                       **Page 4**
152889_3

relevant and/or responsive or (2) discussions regarding this lawsuit's litigation and/or pending trial. Upon the Court's request, Defendants will tender the Text Messages (without redaction), supported by an affidavit, to the Court for *in camera* review.

13.     Plaintiff takes another misleading and irrelevant position regarding the "test" to assert work product. In contrast to Plaintiff's position, the Text Messages are not required to be "created for the **primary, motivating purpose** of aiding in litigation." Pl's Mot., p. 9, ¶ 30 (citing federal cases in Illinois). That test refers to "possible future litigation" when "litigation is not imminent." *Udoewa v. Plus4 Credit Union*, 457 Fed. Appx. 391, 393 (5th Cir. 2012) (unpublished). Here, the Text Messages were exchanged during this lawsuit. *See* Pl's Mot., Ex. D.

### C. Defendants' objections and privilege log are timely.

14.     Defendants provided a privilege log before any scheduling order in this Court or any other deadlines imposed under federal rules. *See* Pl's Mot., Ex. D.

15.     Also, Defendants raised work production objections to Plaintiff's discovery requests. When parties raise work product objections, those objections remain pending and courts may later require parties to provide privilege logs. *Mary Kay Inc. v. Weber*, 2008 U.S. Dist. LEXIS 104494, at *4-5 (N.D. Tex. Dec. 29, 2008). Plaintiff's Motion fails to either specify relevant requests or provide Trombetta's objections to Plaintiff's request for document production, and thus, Plaintiff obscures timely raised objections to Plaintiff's requests.

### D. Defendants' privilege log sufficiently invokes the work product exemption.

16.     Defendants provided a log with six points of information required by the Court: the documents' dates; type and length; author and recipient; general subject matter; privilege, immunity, or exemption asserted for each document; and an explanation as to why the privilege, immunity, or exemption is applicable with enough specificity to allow plaintiff to determine

whether to object to the privilege, immunity, or exemption asserted. *Mary Kay Inc.*, 2008 U.S. Dist. LEXIS 104494 at *5.   One of Defendants' log entries is:

| 2. | Trombetta_Orchestrate 0000191-0192 | Text messages | 06/02/13-06/03/13 | Anthony Trombetta | David Icenhower | Text messages discussing this lawsuit. | Work Product |

17.   Plaintiff's complaints about the log's descriptions fail for two reasons.   First, the log explains that the communications were about this lawsuit, not simply the lawsuit's subject matter or underlying facts, which were left unredacted.   Also, Plaintiff is aware that text messages are extremely short.   Thus, providing greater description in the log would conflict with federal rules because such descriptions must be made "without revealing information itself privileged or protected."   FED. R. CIV. P. 26(5)(A)(ii).

**E.  Plaintiff's reference to the crime-fraud exception is without merit.**

18.   Plaintiff fails to meet its high burden of establishing the applicability of the crime-fraud exception for multiple reasons. *See SEC v. Chesnoff*, 2006 U.S. Dist. LEXIS 49090, at *14 (N.D. Tex. July 18, 2006).   Plaintiff's burden to establish the crime-fraud exception requires presenting a prima-facie case that the Text Messages were made in furtherance of a crime or fraud. *Id.* (burden is not satisfied by a showing that the material in question *might* provide evidence of a crime or fraud.).

19.   First, Plaintiff's asserted timeframe is inconsistent with its allegations.   Plaintiff claims the redacted Text Messages are part of a fraud, but then cites allegations regarding Trombetta's actions that occurred long before the dates of the redacted Text Messages. Pl's Mot., pp. 9-10, ¶¶ 31-34.   Also, Plaintiff cites to Trombetta's deposition regarding his text messages that mentioned Plaintiff's clients, but—as shown in the Text Messages and explained in the privilege log—text messages mentioning clients were produced. *See* Pl's Mot., Ex. C.

Plaintiff then overstates the relevance of e-mails related to Glenville State University and Eastern Kentucky University and fails to show why such e-mails are related to Plaintiff's reference to the crime-fraud exception. *See* Pl's Mot., p. 11 ¶¶ 36-37.  Then, after discussing such irrelevant facts, Plaintiff concludes that those facts show "conspiracy and collusion," which fails to show that the redacted Text Messages provide evidence of a crime or fraud. *See SEC v. Chesnoff*, 2006 U.S. Dist. LEXIS 49090, at *14.

20. Plaintiff's citation to the crime-fraud exception is another example of its overreaching Motion, which should be denied for reasons asserted herein.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court:

1. Deny Plaintiff's motion to compel;

2. Award attorneys' fees and costs incurred by Defendants in responding Plaintiff's motion to compel;

3. Award Defendants all other relief to which they are entitled.

Respectfully,

| | |
|---|---|
| *s/ Mark A. Shank*<br>Mark A. Shank<br>    Texas Bar No. 18090800<br>     mshank@ghjhlaw.com<br>G. Michael Gruber<br>    Texas Bar No. 08555400<br>     mgruber@ghjhlaw.com<br>Brian N. Hail<br>    Texas Bar No. 08705500<br>     bhail@ghjhlaw.com<br>Greg P. McAllister<br>    Texas Bar No. 24071191<br>     gmcallister@ghjhlaw.com<br><br>**GRUBER HURST JOHANSEN HAIL SHANK, LLP**<br>1445 Ross Avenue, Suite 2500<br>Dallas, Texas   75202<br>Telephone: 214.855.6800<br>Telecopier: 214.855.6808<br><br>**ATTORNEYS FOR DEFENDANTS** | *s/ James M. Stanton*<br>James M. Stanton<br>    Texas Bar No. 24037542<br>     stanton@stantontrialfirm.com<br><br>**STANTON LAW FIRM PC**<br>4350 Beltway Drive<br>Addison, Texas 75001<br>Telephone: 972.233.2300<br>Telecopier: 972.692.6812<br><br>**ATTORNEY FOR DEFENDANT<br>ANTHONY TROMBETTA** |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 6, 2013, a true and correct copy of the foregoing document was served electronically via ECF filing, on the following counsel of record:

| | |
|---|---|
| Blake L. Beckham<br>Jose M. Portela<br>Sarita A. Smithee<br>**THE BECKHAM GROUP**<br>3400 Carlisle, Suite 550<br>Dallas, Texas 75204<br>Telephone: 214.965.9300<br>Telecopier: 214.965.9301<br><br>**ATTORNEYS FOR PLAINTIFF** | James M. Stanton<br>**STANTON LAW FIRM PC**<br>4350 Beltway Drive<br>Addison, Texas 75001<br>Telephone: 972.233.2300<br>Telecopier: 972.692.6812<br><br>**ATTORNEY FOR DEFENDANT<br>ANTHONY TROMBETTA** |

                        By:  *s/ Greg P. McAllister*
                              Greg P. McAllister