IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORCHESTRATE HR, INC.,                  §
                                       §
            Plaintiff,                 §
                                       §
V.                                     §        No. 3:13-cv-2110-P
                                       §
ANTHONY L. TROMBETTA, ET AL.,          §        **FILED UNDER SEAL**
                                       §
            Defendants.                §

## MEMORANDUM OPINION AND ORDER ON MOTION TO COMPEL

District Judge Jorge Solis has referred Orchestrate HR, Inc.'s Motion to Compel Production [Dkt. No. 46] to the undersigned magistrate judge for determination, pursuant to 28 U.S.C. § 636(b) and an order of reference [Dkt. Nos. 47]. Defendants filed a response [Dkt. No. 56], and Plaintiff filed a reply [Dkt. No. 58].

### Background

Plaintiff Orchestrate HR, Inc. sued its former employee, Defendant Anthony L. Trombetta, and Trombetta's current employer, Defendant The Borden-Perlman Insurance Agency, Inc., for claims allegedly arising from Trombetta's violation of the terms of a non-compete agreement and confidentiality agreement. *See* Dkt. No. 31; Dkt. No. 31-1 at 9-10 (Employment Agreement with covenant not to compete); Dkt. No. 31-1 at 12-14 (Employment Confidentiality Agreement). Plaintiff brought its suit in state court, and Defendants removed the case to this Court based on diversity jurisdiction. *See* Dkt. No. 2. Plaintiff sues Trombetta for breach of the confidentiality and non-compete agreements and breach of fiduciary duty; both Defendants for tortious

-1-

interference with contract, tortious interference with prospective business relations, and defamation; and Borden-Perlman for breach of contract, unfair competition, fraud, negligent misrepresentation, unjust enrichment, and aiding and abetting breach of fiduciary duty (conspiracy). *See* Dkt. No. 31.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And the "party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

## Legal Standards & Analysis

Trombetta produced copies of text messages in response to requests for production of documents but redacted portions of the text messages between himself and two non-lawyer employees of Borden-Perlman, David Icenhower and Kelly Myers. *See* Dkt. No. 46-2 at 151-58, 206-08. Trombetta submitted a privilege log claiming that the redacted text messages were protected from disclosure by work product protection. *See* Dkt. No. 46-4. The privilege log states a date range for the redacted text messages

and who they are from and to and describes them as "text messages discussing this lawsuit."

Plaintiff filed a Motion to Compel Production on November 8, 2013. *See* Dkt. No. 46. Plaintiff argues that the text messages are discoverable because (1) Trombetta's general allegation of work product is insufficient to state the protection; (2) the text messages were not created by or on behalf of Trombetta's attorneys; (3) the primary, motivating purposes of the text messages was not to aid in litigation; and (4) any otherwise applicable work product protection is subject to the crime-fraud exception. Defendants filed a response to the motion to compel production [Dkt. No. 56], and Plaintiff filed a reply [Dkt. No. 58].

Contrary to Defendants' argument that state law applies, the issue of whether documents are exempt from discovery under the attorney work product doctrine is governed by federal law in diversity cases because work product is not a substantive privilege within the meaning of Federal Rule of Civil Procedure 501. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 476 (N.D. Tex. 2004). The federal work product doctrine, as codified by Federal Rule of Civil Procedure 26(b)(3), provides for the qualified protection of documents and tangible things prepared by or for a party or that party's representative "in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3); *Connect Insured Tel., Inc. v. Quest Long Distance, Inc.*, No. 3:10-cv-1897-D, 2011 WL 4736292, at *5 (N.D. Tex. Oct. 6, 2011). A document need not be generated in the course of an ongoing lawsuit in order to qualify for work product protection. *See Mims v. Dallas*

*Cnty.*, 230 F.R.D. 479, 483 (N.D. Tex. 2005). But "the primary motivating purpose"
behind the creation of the document must be to aid in possible future litigation. *In re
Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). As the advisory
committee notes to Rule 26(b)(3) make clear, "[m]aterials assembled in the ordinary
course of business, or pursuant to public requirements unrelated to litigation, or for
other nonlitigation purposes are not under the qualified immunity provided by this
subdivision." Fed. R. Civ. P. 26(b)(3), Adv. Comm. Notes; *see also United States v. El
Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

Among the factors relevant to determining the primary motivation for creating
a document are "'the retention of counsel and his involvement in the generation of the
document and whether it was a routine practice to prepare that type of document or
whether the document was instead prepared in response to a particular circumstance.'"
*Navigant*, 220 F.R.D. at 477 (quoting *Electronic Data Sys. Corp. v. Steingraber*, No.
4:02-cv-225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003)). If the document would
have been created without regard to whether litigation was expected to ensue, it was
made in the ordinary course of business and not in anticipation of litigation. *See id.*

Like all privileges, the work product doctrine must be strictly construed. *See
Mims*, 230 F.R.D. at 484; *see also McCook Metals LLC v. Alcoa, Inc.*, 192 F.R.D. 242,
260 (N.D. Ill. 2000) (work product doctrine "significantly restricts the scope of discovery
and must be narrowly construed in order to aid in the search for the truth"). The
burden is on the party who seeks work product protection to show that the materials
at issue were prepared by its representative in anticipation of litigation or for trial. *See*

-4-

*Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). A general allegation of work product protection is insufficient to meet this burden. *See Navigant*, 220 F.R.D. at 473. Instead, "'a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection.'" *Id.* (quoting *Caruso v. Coleman Co.*, No. 93-cv-9733, 1995 WL 384602, at *1 (E.D. Pa. June 22, 1995)). The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute work product. *See id.* Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." *Id.* at 473-74 (quoting *Pippenger v. Gruppe*, 883 F. Supp. 1201, 1212 (S.D. Ind. 1994)). In fact, "'resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.'" *Id.* at 474 (quoting *Caruso*, 1995 WL 384602, at *1 (emphasis in original)).

Judged against this standard, Defendants have failed to meet their burden of proving that the documents at issue are entitled to work product protection. Defendants describe the sought-after documents as "text messages discussing this lawsuit," but they do not offer affidavits or other documentation to support their assertion of the work product privilege. In their response to the motion to compel, Defendants argue that the description of the documents in the privilege log is sufficient to assert the work product privilege because text messages are, by their very nature,

extremely short and a more detailed description cannot be made without revealing the information they seek to protect. *See* Dkt. No. 56 at 5. Defendants also offer to tender the unredacted text messages for *in camera* review and to provide a supporting affidavit at that time. *Id.* at 6. Without appropriate affidavits or other supporting documentation, however, the undersigned cannot find that an *in camera* review is appropriate.

Defendants also argue that the work product protection applies to communications between a party and his non-attorney representatives. The undersigned agrees that the work product doctrine protects documents prepared by not only a party's attorney but also its representatives, including consultants, sureties, indemnitors, or agents, *see* Fed. R. Civ. P. 26(b)(3), but the work product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation, *see Dunn*, 927 F.2d at 875. Defendants have failed to show that Trombetta's text messages with non-attorneys David Icenhower and Kelly Myers were prepared for an attorney in preparation for litigation. They also failed to demonstrate that the sought-after text messages were made to assist an attorney in preparation for litigation instead of in the ordinary course of business or for some other purpose.

Instead, according to the evidence before the Court, the text messages are simply communications between three non-attorney employees of Borden Perlman who are discussing the lawsuit. As such, and unless and until Borden Perlman comes forward with evidence showing otherwise, the redacted text messages are not protected by the work product doctrine.

Plaintiff also invokes the crime-fraud exception, arguing the text messages at issue cannot be protected from disclosure by the work product privilege because they are part of a larger conspiracy to misappropriate Plaintiff's confidential information and use it to steal Plaintiff's clients. *See* Dkt. No. 46 at 9-12. "Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005). This exception also applies to work product protections. *See In re Grand Jury Subpoenas*, 561 F.3d 408, 411 (5th Cir. 2009). The party seeking discovery of privileged or protected information bears the burden of establishing a prima facie case that the attorney-client relationship was intended to further criminal or fraudulent activity. *See Grand Jury*, 419 F.3d at 335. To make the necessary prima facie showing for the application of the crime-fraud exception, Plaintiff "must produce evidence such as will suffice until contradicted and overcome by other evidence ... a case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *Id.* at 336 (internal quotation marks omitted). "Allegations in pleadings are not evidence and are not sufficient to make a prima facie showing that the crime-fraud exception applies." *Id.*

The Fifth Circuit has required that Plaintiff also show "some valid relationship between the work product under subpoena and the prima facie violation" or that the communication or "[work product] material reasonably relate[s] to the fraudulent activity." *Id.* at 336 n.7 (internal quotation marks omitted). But, "where there is no

discernible limit to the subpoena or discovery request at issue, a prima facie showing is made if the party seeking the otherwise privileged materials produces sufficient evidence that during the attorney-client relationship, the client intended to further a future or ongoing crime or fraud." *Id.* However, "the proper reach of the crime-fraud exception when applicable does not extend to all communications made in the course of the attorney-client relationship, but rather is limited to those communications and documents in furtherance of the contemplated or ongoing criminal or fraudulent conduct." *Id.* at 343. "After the party seeking disclosure meets its prima facie showing that the client intended to further an ongoing crime or fraud during the attorney-client relationship such that the crime-fraud exception applies, the only attorney-client communications and work product materials falling within the scope of the crime-fraud exception are those shown to hold some valid relationship to the prima facie violation such that they reasonably relate to the fraudulent activity." *Id.* at 346 (internal quotation marks omitted).

Plaintiff submitted evidence showing that Trombetta knew Plaintiff's client list was confidential, that he took it when he left his job with Plaintiff, that he later contacted at least fifteen of Plaintiff's current or former clients, and that he communicated with Borden-Perlman employees about Plaintiff's clients. *See* Dkt. No. 46-2 at 7, 11-13, 25 (Deposition at 102, 230-32, Exhibits 13, 14). But Plaintiff's allegations do not amount to a prima facie showing of fraud or contemplated fraud as required by the governing federal common law. And his allegations do not make the required showing that the text messages at issue were made in furtherance of any

-8-

alleged contemplated or ongoing fraudulent conduct. Neither will the Court, at this point, engage in an *in camera* examination to determine the applicability of the crime-fraud exception, because Plaintiff has not made a sufficient showing of a factual basis adequate to support a good faith belief by a reasonable person that the crime-fraud exception applies. *See Grand Jury Subpoena*, 419 F.3d at 335-36.

At this point, Defendants have not carried their burden to establish that the redacted text messages at issue are protected from disclosure by the work product doctrine. Defendants do offer, upon the Court's request, to tender the text messages (without redaction), supported by an affidavit, to the Court for *in camera* review.

Tendering the messages themselves is, as discussed above, premature. But Defendants must submit detailed affidavits or other evidence to enable the Court to determine whether the documents constitute work product, including a detailed description of the messages in dispute and a statement of specific and precise reasons for their claim of protection from disclosure. These supplemental materials must be filed by **March 13, 2014**. Plaintiff may file a supplement to its motion responding to these materials by **March 27, 2014**. If Defendants fail to make the required showing, the undersigned will order that these documents be produced and Plaintiff's Motion to Compel Production [Dkt. No. 46] granted.

## Conclusion

The Court defers decision on Plaintiff's Motion to Compel Production [Dkt. No. 46] pending Defendants' filing of the supplemental materials ordered above by **March 13, 2014** and Plaintiff's filing of any supplement to its motion responding to these

materials by **March 27, 2014**.

Out of an abundance of caution, the Court will enter this Memorandum Opinion and Order on Discovery Motions under seal because Orchestrate HR, Inc.'s Motion to Compel Production [Dkt. No. 46] and accompanying documents were filed under seal pursuant to the Agreed Protective Order and Order of Confidentiality [Dkt. No. 39]. The parties are further ORDERED to file a joint status report by **March 7, 2014** setting forth their views on whether this Memorandum Opinion and Order on Discovery Motions contains any confidential information subject to the Agreed Protective Order and Order of Confidentiality [Dkt. No. 39] and should therefore remain sealed.

SO ORDERED.

DATED: February 27, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE