IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORCHESTRATE HR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2110-P |
| | § | |
| ANTHONY L. TROMBETTA, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER ON MOTIONS TO QUASH

District Judge Jorge Solis has referred three discovery motions concerning subpoenas seeking the production of documents from non-parties to the undersigned magistrate judge for determination, pursuant to 28 U.S.C. § 636(b) and orders of reference [Dkt. Nos. 67, and 70]:

(1)     Defendants' Motion to Quash or Modify Plaintiff's Subpoenas to Third Parties [Dkt. No. 63],

(2)     Non-Party Administrative Concepts, Inc.'s Motion to Quash Plaintiff's Subpoena of December 9, 2013 to Third Parties [Dkt. No. 66], and

(3)     the Motion to Compel contained in Orchestrate HR, Inc.'s Response to Non-Party Administrative Concept's Inc.'s Motion to Quash Subpoena and Motion to Compel Production [Dkt. No. 69 at 12-13].

For the following reasons, the motions are granted in part and denied in part.

### Background

Plaintiff Orchestrate HR, Inc. sued its former employee, Defendant Anthony L.

Trombetta, and Trombetta's current employer, Defendant The Borden-Perlman Insurance Agency, Inc., for claims allegedly arising from Trombetta's violation of the terms of a non-compete agreement and confidentiality agreement. *See* Dkt. No. 31; Dkt. No. 31-1 at 9-10 (Employment Agreement with covenant not to compete); Dkt. No. 31-1 at 12-14 (Employment Confidentiality Agreement). Plaintiff brought its suit in state court, and Defendants removed the case to this Court based on diversity jurisdiction. *See* Dkt. No. 2. Plaintiff sues Trombetta for breach of the confidentiality and non-compete agreements and breach of fiduciary duty; both Defendants for tortious interference with contract, tortious interference with prospective business relations, and defamation; and Borden-Perlman for breach of contract, unfair competition, fraud, negligent misrepresentation, unjust enrichment, and aiding and abetting breach of fiduciary duty (conspiracy). *See* Dkt. No. 31.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And the "party asserting a privilege exemption from discovery bears the burden of demonstrating its

applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

## Legal Standards & Analysis

Plaintiff sought documents from four non-parties: Administrative Concepts, Inc. ("ACI"), Arch Insurance Group, Inc., NAHGA, Inc., and Occupational Networks of Texas, Inc. Plaintiff served each of the non-parties with a subpoena duces tecum. *See* Dkt. Nos. 48-52 & 59-62 (notices of subpoena duces tecum to non-parties and proof of service). In the subpoenas, Plaintiff served 27 requests for production on Arch Insurance Group and 25 requests for production on the other three non-parties. *See* Dkt. Nos. 48-1 at 5-10, 49-1 at 5-9, 50-1 at 5-9, 51-1 at 5-9. The categories of documents sought from all four non-parties are basically the same. *See id.* Defendants and ACI filed motions to quash the subpoenas. *See* Dkt. Nos. 63, 66.

Under Fed. R. Civ. P. 45, a court must quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. FED. R. CIV. P. 45(3)(A)(i)-(iv). A facially overbroad subpoena is unduly burdensome. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). The Court may quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. *See* FED. R. CIV. P. 45(3)(B)(i). The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party. *See Truswal Systems Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1201 (Fed. Cir. 1987).

One factor to be considered in assessing the burden of complying with a subpoena is whether the moving party is a non-party to the litigation. *See Williams*, 178 F.R.D. at 112 (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (collecting cases)). Generally, modification of a subpoena is preferable to quashing it. *See Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *Cmedia, LLC v. LifeKey Healthcare, LLC,* 216 F.R.D. 387, 389 (N.D. Tex. 2003).

Defendants' Motion to Quash

Defendants moved to quash the subpoenas duces tecum to all four non-parties and object to five of the requests for production:

1. All documents regarding repricing of any claims for schools listed on Exhibit A [Plaintiff's client list];

2. All contracts with the schools listed on Exhibit A;

3. All contracts with BP;

4. All contracts showing payments made by you to BP; and

5. All bids submitted to any schools listed on Exhibit A during 1/1/2013 to the present. [1]

*See* Dkt. No. 63. Defendants argue that these requests for production seek confidential information and trade secrets, interfere with business relationships between Defendants and the non-parties, impose unnecessary burdens, and are over broad. *See* Dkt. Nos. 63, 64, & 71.

Before addressing the objections raised in Defendants' motion to quash, the

---

[1] *See* RFP Nos. 6,9,10,12 & 23 to ACI [Dkt. No. 49-1], Occunet [Dkt. No. 50-1], and NAHGA [Dkt. No. 51-1], and RFP Nos. 6,11,12,14, and 25 to Arch [RFP 48-1].

Court must determine whether Defendants have standing to challenge the subpoenas to the non-parties. Plaintiff contends that they do not. *See* Dkt. No. 68 at 6-7.

A party, although not in possession or control of the materials sought in a subpoena duces tecum and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Rule 45(c)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Plaintiff argues that, because Defendants have not offered any evidence showing they have a right or privilege to the documents subpoenaed, they have not met their burden to show that they have a personal right or privilege to the requested documents or a sufficient interest in them.

In their motion to quash, however, Defendants claim that Plaintiff seeks information communicated between Defendants, whom Plaintiff asserts are its competitors, and the non-parties, who work closely with Defendants on complex insurance agreements and coverage, and that the subpoenas require the non-parties to disclose trade secrets and confidential information. The Court finds that these allegations demonstrate a sufficient interest in the documents to establish Defendants' standing.

Defendants contend that the subpoenas are over broad and unduly burdensome. The moving party has the burden of proof and must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive.

*See Williams,* 178 F.R.D. at 109. Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation.

To determine whether the subpoena presents an undue burden, the Court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Here, unless otherwise specified, the requests for production cover the time period from January 1, 2010 to the date of the subpoena. *See, e.g.*, Dkt. No. 65-2. Further, if the person to whom the document request is made is a non-party, the Court may also consider the expense and inconvenience to the non-party. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citations omitted).

Plaintiff claims that all five categories of documents are relevant to its claims for breach of contract, tortious interference with contract and prospective business relations, and breach of fiduciary duty and aiding and abetting breach of fiduciary duty. *See* Dkt. No. 68 at 4. Plaintiff asserts that the documents concerning repricing are relevant because repricing insurance claims is one of its main sources of revenue and the requested documents would show that Defendants improperly redirected claims to third-party repricers. Plaintiff contends that the non-parties' contracts with Plaintiff's clients listed on Exhibit A and with Defendant Borden-Perlman are relevant because they may show what rights Defendants may have had in relation to Plaintiff's

clients and whether Defendants had a financial incentive to cause Plaintiff's clients to take certain actions that are the subject matter of this suit. Plaintiff claims that the documents showing payments made by the non-parties to Defendant Borden-Perlman are relevant to its damages calculations. And Plaintiff contends that the documents concerning bids submitted to Plaintiff's clients are relevant to show the list of services that Defendants offered to provide to Plaintiff's clients and may show breaches of both the Temporary Restraining Order and Temporary Injunction.

Plaintiff asserts that Defendants provide only conclusory allegations and have failed to offer any evidence to support their claims that the subpoenas are over broad or unduly burdensome. A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). In this case, it would be difficult, if not impossible, for Defendants to offer evidentiary proof of the time and expense involved for the non-parties to respond to the discovery requests, and Defendants have not done so. And – with the exception of ACI, which will be addressed below – the non-parties do not seek relief from the subpoenas, much less claim that compliance with the subpoenas is burdensome.

Nevertheless, the undersigned questions Plaintiff's need for the third and fourth categories of documents – all contracts between the non-parties and Defendant Borden-Perlman and all contracts showing payments made by the non-parties to Defendant Borden-Perlman – to be produced by the non-parties when Defendant Borden-Perlman

should also be in possession of those documents and Plaintiff could obtain those documents from Defendant Borden-Perlman. Under these circumstances, it should not be necessary for Plaintiff to obtain copies of the documents from the non-parties.

Defendants also contend that the subpoenas seek trade secrets or other confidential research, development, or commercial information and that the production of the requested documents would interfere with business relationships between Defendants and the non-parties. No absolute privilege for confidential information or trade secrets exists. *See Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990). Rule 45 provides that a court may place conditions upon the production of documents where the request requires disclosure of a trade secret or other confidential commercial information and the party seeking discovery shows a substantial need for the material that cannot otherwise be met without undue hardship. *See* FED. R. CIV. P. 45(c)(3)(B). The moving party has the burden to establish that the information sought is a trade secret and that its disclosure might be harmful. *See Exxon Chem. Patents, Inc.*, 131 F.R.D. at 671. Disclosure to a competitor is presumptively more harmful than disclosure to a noncompetitor. *See Echostar Comm'n Corp v. The News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998). If the moving party meets its burden of proof, the burden then shifts to the party seeking discovery to show that the requested information is relevant and necessary. *See id.* The Court then balances the need for the trade secrets against the claim of injury resulting from disclosure. *See id.* Even if the requested documents are relevant, discovery will not be permitted if the party seeking discovery fails to show need or if the potential harm

caused by production outweighs the benefit. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

Plaintiff argues that Defendants' conclusory allegations fail to establish that the subpoenas would require the disclosure of trade secrets or other confidential information and that, if they do, the documents would be protected by the Agreed Protective Order and Order of Confidentiality [Dkt. No. 39] previously entered in this case. Defendants respond that the document requests facially seek confidential information that can be used to compete against Defendants in the marketplace. But the Protective Order expressly covers documents designated as confidential by third parties from whom the parties to this lawsuit request documents. To address this concern, the Court ORDERS that any materials produced in response to the subpoenas that Defendants allege disclose trade secrets or other confidential information shall be produced subject to the protections of the Agreed Protective Order and Order of Confidentiality [Dkt. No. 39].

Defendants' Motion to Quash or Modify Plaintiff's Subpoenas as to Third Parties [Dkt. No. 63] is GRANTED in part and DENIED in part. Non-parties Arch Insurance Group, Inc., NAHGA, Inc., and Occupational Networks of Texas, Inc. are required to produce the documents requested in the subpoenas duces tecum with the exception of the requests for "all contracts with BP" and "all contracts showing payments made by you to BP," which they are not required to produce.

ACI's Motion to Quash

Appearing by special appearance, ACI moved to quash the subpoena duces

tecum served on it [Dkt. No. 66] in its entirety, which contained the following requests

for production:

1. All documents regarding Orchestrate.

2. All communications with BP regarding Orchestrate.

3. All communications with Trombetta re Orchestrate.

4. All communications with the schools listed in Exhibit A [Dkt. No. 49-1 at 11-15] regarding Orchestrate.

5. All documents relating to any audit of claims processed or handled by Orchestrate.

6. All documents regarding repricing of any claims for schools listed on Exhibit A.

7. All communications with Occunet relating to any claims for schools listed on Exhibit A.

8. All documents mentioning or evidencing any problems or concerns with Orchestrate.

9. All contracts with the schools listed in Exhibit A.

10. All contracts with BP.

11. All contracts with Occunet, Arch, or NAHGA.

12. All documents showing payments made by you to BP.

13. All communications regarding NEXXT software.

14. All communications regarding or with Flantech Computer Systems or SIMS (Sports Injury Monitoring System) related to any schools listed in Exhibit A.

15. All communications regarding or with Keffer Development Systemts ATS (Athletic Trainer System) related to any schools listed in Exhibit A.

16. All communications with CIGNA relating to any of the schools listed in Exhibit A.

17. All communications with Baylor Hospital.

18. All documents showing statements made about Orchestrate to any of the schools listed in Exhibit A.

19. All documents showing who was to pay for the NEXXT software for any school listed in Exhibit A.

20. All documents referencing or mentioning [this] Lawsuit.

21. All communications with BP regarding the Lawsuit or the facts, claims, and defenses in the Lawsuit.

22. All documents showing your efforts to comply with the Data Preservation Notice which was sent to you by Orchestrate.

23. All bids submitted to any schools listed in Exhibit A during 1/1/2013 to the present.

24. All documents evidencing any breach by BP or Trombetta of the Temporary Injunction.

25. All documents evidencing any breach by BP or Trombetta of the Temporary Restraining Order.

Dkt. No. 49-1 at 5-9.

ACI argues that the subpoena is facially overbroad and that the requests for production seek voluminous and highly confidential information protected under both federal and state health and privacy laws, require ACI to disclose trade secrets and other confidential business information, and impose prohibitive expense and time-consuming strain on its employees and legal counsel that are not only unduly burdensome but also obstruct ACI's duties to its clients. *See* Dkt. Nos. 66, 66-1, 72. ACI also complained that the subpoena duces tecum's due date of January 7, 2014 did not

allow a reasonable time for compliance. *See* Dkt. No. 66. Because of the motions to quash, that deadline has been vacated, and the timing objections are moot. In its reply to Plaintiff's response, ACI also asserts that the requested discovery is not necessary because all of the documents sought from ACI are available from Plaintiff itself or from Defendants. *See* Dkt. No. 72. ACI seeks sanctions to recover its expense in responding to the subpoena duces tecum. *See* Dkt. No. 66-1 at 4-5; Dkt. No. 72 at 2-3, 6. For its part, Plaintiff included a motion to compel in its response to ACI's motion to quash [Dkt. No. 69 at 12-13].

ACI states that it has no substantive relationship with either defendant. Instead, it is merely a third-party claims administrator that processes insurance claims submitted on behalf of college students through contractual relationships with insurance providers. *See* Dkt. No. 66-1 at 1, Dkt. No. 72 at 1.

Plaintiff explains that all of the requested discovery is relevant, *see* Dkt. No. 69 at 3-8, and asserts that the documents requested from ACI are necessary to determine whether Defendants have enlisted non-parties, including ACI, to assist them in stealing Plaintiff's clients. *See* Dkt. No. 69 at 1-2. Plaintiff argues that ACI has failed to meet its burden to quash the subpoena because it failed to offer any evidentiary support for its claims that the subpoena is unduly burdensome or requires the production of trade secrets or confidential information. *See* Dkt. No. 69.

The undersigned finds that the documents sought in request numbers 2, 3, 10, 12, and 21 should be available from Defendants. As such, it is not necessary for Plaintiff to obtain copies of those documents from ACI.

As to the remaining requests for production, ACI has failed to offer evidence showing that the requests for production are unduly burdensome or that they require the production of trade secrets and confidential information protected under federal and state health and privacy laws or other confidential business information. The Agreed Protective Order and Order of Confidentiality [Dkt. No. 39] expressly covers documents produced by non-parties that disclose trade secrets or confidential business information. But, because of federal and state privacy laws concerning the personal data of insured students and student insurance claims, ACI should not be required to produce personal health information concerning students or student insurance claims where production would be in violation of those laws.

ACI also failed to provide evidence to support its claim for sanctions and reimbursement for its expenses in responding to the subpoena. The request for sanctions is DENIED.

Non-Party Administrative Concepts, Inc.'s Motion to Quash Plaintiff's Subpoena of December 9, 2013 to Third Parties [Dkt. No. 66] is GRANTED in part and DENIED in part, and the Motion to Compel included in Orchestrate HR, Inc.'s Response to Non-Party Administrative Concepts, Inc.'s Motion to Quash Subpoena and Motion to Compel Production [Dkt. No. 69 at 12-13] is correspondingly GRANTED in part and DENIED in part. ACI is required to produce documents in response to requests numbers 1, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, and 25, but the Court MODIFIES the subpoena to provide that ACI is not required to produce personal health information concerning students or student insurance claims where production

would be in violation of federal and state privacy laws. And ACI is not required to produce documents in response to request numbers 2, 3, 10, 12, or 21 of the subpoena to ACI.

## Conclusion

Defendants' Motion to Quash or Modify Plaintiff's Subpoenas as to Third Parties [Dkt. No. 63] is GRANTED in part and DENIED in part.

Non-Party Administrative Concepts, Inc.'s Motion to Quash Plaintiff's Subpoena of December 9, 2013 to Third Parties [Dkt. No. 66] is GRANTED in part and DENIED in part as discussed above, and Orchestrate HR, Inc.'s Motion to Compel included in its Response to Non-Party Administrative Concepts, Inc.'s Motion to Quash Subpoena and Motion to Compel Production [Dkt. No. 69 at 12-13] is correspondingly GRANTED in part and DENIED in part.

SO ORDERED.

DATED: February 27, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE