IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORCHESTRATE HR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2110-P |
| | § | |
| ANTHONY L. TROMBETTA, ET AL., | § | |
| | § | |
| Defendants. | § | |

## SECOND MEMORANDUM OPINION & ORDER ON MOTION TO COMPEL

District Judge Jorge Solis has referred Plaintiff Orchestrate HR, Inc.'s Motion to Compel Production [Dkt. No. 46] to the undersigned magistrate judge for determination, pursuant to 28 U.S.C. § 636(b) and an order of reference [Dkt. Nos. 47].

Plaintiff seeks to compel the production of unredacted text messages between Defendant The Borden-Perlman Insurance Agency, Inc. ("Borden-Perlman") non-attorney employees Defendant Anthony Trombetta, David Icenhower, and Kelly Myers. Plaintiff seeks three groups of text messages between Trombetta and Icenhower, which are bates-numbered Trombetta-Orchestrate 185-191, 191-192, and 194-197, and one group of text messages between Trombetta and Myers, which are bates-numbered Trombetta-Orchestrate 240-242. *See* Dkt. No. 46 at 3; Dkt. No. 46-2. Defendants produced the text messages in response to a request for production and asserted in a privilege log that redacted portions of the text messages between these non-attorney employees were protected from disclosure by the work product privilege because they are "text messages discussing this lawsuit." *See* Dkt. No. 46-4 at 2-3.

The undersigned previously determined that Defendants failed to carry their burden to establish that the redacted text messages were protected from disclosure by the work product privilege because the description in the privilege log was not sufficient to demonstrate that the redacted text messages were prepared by or for an attorney in preparation of litigation and Defendants failed to offer affidavits or other evidence to support their assertion of the work product privilege. *See* Dkt. No. 73 at 4-6, 9 (Memorandum Opinion and Order on Motion to Compel). The undersigned deferred its decision on the motion to compel and gave Defendants an opportunity to file supplemental materials to support their assertion of the work product privilege. *See id.* at 9-10

Defendants then filed the Affidavit of Barry Muller, a Borden-Perlman attorney, who states under oath that nine of the contested text messages are protected from disclosure by the work product privilege. *See* Dkt. No. 79. According to attorney Muller, the nine text messages, bates-stamped 186-87, 188, and 241-42, repeat his opinions and information that were communicated to Borden-Perlman employees and were provided in anticipation of and during litigation, and were made to assist Defendants' attorneys in preparation for trial and not in the ordinary course of business or for some other purpose. *See* Dkt. No. 79-1 at 1-2. Those communications include discussions concerning the discovery process, strategic decisions in this lawsuit, and restrictions imposed by the temporary restraining orders and agreed injunctions in this lawsuit. *See id.*

Defendants have now met their burden to establish that these nine text

messages are protected from disclosure by the work product privilege. Plaintiff filed a Supplement to its Motion to Compel Production, which does not challenge Defendants' supplemental showing. *See* Dkt. No. 80. Instead, Plaintiff notes that, in opposing Plaintiff's motion to compel, Defendants agreed that the redacted text messages at issue may be submitted to the Court for an *in camera* review to determine the applicability of the work product doctrine, and Plaintiff requests that, if the Court determines that Defendants have met their burden to assert the work product doctrine, the Court conduct the agreed upon *in camera* review to determine the applicability of the work product doctrine.

The undersigned declines that invitation. As the undersigned has explained, although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide "a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004) (quoting *Pippenger v. Gruppe*, 883 F. Supp. 1201, 1212 (S.D. Ind. 1994)). In fact, "'resort to *in camera* review is appropriate only *after* the burdened party has submitted detailed affidavits and other evidence to the extent possible.'" *Id.* at 474 (quoting *Caruso v. Coleman Co.*, Civ. A. No. 93-CV-7633, 1995 WL 384602, at *1 (E.D. Pa. June 22, 1995) (emphasis in original)).

Here, Defendants' detailed affidavit allows the Court to resolve the issue without the need for any *in camera* review. That is, an *in camera* review is not required here where Defendants have met their burden to assert the work product doctrine over

these nine text messages. *Cf. NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) ("*in camera* review ... is designed to be invoked when the issue before the District Court could not be otherwise resolved").

As Plaintiff reports, the subject of Plaintiff's Motion to Compel Production is three groups of text messages, and Defendants have agreed to produce all of the text messages except for nine messages. For the reasons explained and based on the parties' agreements, Plaintiff's Motion to Compel Production [Dkt. Nos. 46 & 80] is GRANTED IN PART and DENIED IN PART. Defendant shall produce the text messages at issue other than the nine messages specified in Defendants' supplemental filing and described as May 31, 2013 (Bates 186-187) (four text messages), May 31, 2013 (Bates 188) (two text messages), and June 2-3, 2013 (Bates 241-42) (three text messages), which are protected from disclosure by the work product doctrine.

SO ORDERED.

DATED: March 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE