**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ORCHESTRATE HR, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13 CV-2110-P |
| | § | |
| **ANTHONY L. TROMBETTA and THE** | § | |
| **BORDEN-PERLMAN INSURANCE** | § | |
| **AGENCY, INC.** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT BORDEN-PERLMAN INSURANCE AGENCY'S RESPONSE AND BRIEF TO PLAINTIFF'S TIMELINESS OBJECTION TO OPPOSED MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT'S RULE 30(B)(6) DESIGNEE**

TO THE HONORABLE JUDGE OF SAID COURT:

Borden-Perlman Insurance Agency, Inc. ("Borden-Perlman") files its response to Plaintiff's timeliness objection to Borden-Perlman's motion seeking protection under Federal Rule of Civil Procedure 26(c) from the deposition of Borden-Perlman's Rule 30(B)(6) designee served by Plaintiff and would respectfully show the Court and the Honorable Magistrate as follows:

### I.  MOTION FOR PROTECTION IS NOT UNTIMELY

1. FRCP 26 does not set a specific time limit which a motion for protective order must be made. *Fed.R.Civ.P.26*. Borden-Perlman agrees it is implied that the motion must be timely or seasonable as specified in an earlier version of Rule 26. However, contrary to the statements made by Plaintiff, the rule does not specify a motion **must** be filed prior to the discovery which is the subject of the motion.

2. Borden-Perlman respectfully asserts its motion for protection is timely based upon the specific relief requested. Borden-Perlman did not request this Court to stop the deposition in question. Rather, Borden-Perlman has requested protection from Plaintiff's anticipated attempt to use the inappropriate and overly broad notice of deposition, which is in violation of FRCP 30(b)(6), to limit the evidence Borden-Perlman is allowed to present at the trial of this cause. As set forth in its Motion, Plaintiff's First Amended Notice of Deposition clearly fails, in many instances, to set forth with reasonable particularity the topics which would be addressed in the deposition and for which the Borden-Perlman witness would need to be prepared. Various court opinions address whether a party can be prohibited from presenting evidence at trial which was not provided in response to an appropriate deposition notice submitted under FRCP 30(b)(6), with some courts holding that the evidence is excluded and some holding that it is not. *Hyde v. Stanley Tools*, 107 F. Supp. 2d 992, 993 (E.D. La. 2000) (explaining that where corporate representative admitted that allegedly defective tool was manufactured by defendant, corporation could not later contradict that testimony through another witness in order to defeat summary judgment, absent some excuse for change in position); but see *Indus. Hard Chrome, Ltd. v. Hetran, Inc.,* 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (denying plaintiff's motion in limine to exclude evidence contradicting testimony given during defendant's Rule 30(b)(6) deposition on grounds that while the corporation was bound by Rule 30(b)(6) testimony, such does not constitute a judicial admission, and like any other deposition testimony can be contradicted and used for impeachment purposes); *W.R. Grace & Co. v. Viskase Corp*., No. 90 C 5383, 1991 WL 211647, at 2 (N.D. Ill. Oct. 15, 1991) (allowing corporate party to offer evidence at trial contrary to statements made by its corporate representative in a Rule 30(b)(6) deposition). Borden-Perlman's Motion for Protective Order is timely because it has been filed well before Plaintiff's

anticipated attempt to use an overly broad deposition notice to inappropriately limit the evidence Borden-Perlman can present.

## II.     IF MOTION IS UNTIMELY, THIS IS EXCUSED FOR GOOD CAUSE

3.     Even if the Court determines, in its discretion, that Borden-Perlman's Motion for Protective Order is technically untimely, this untimeliness is excused due to good cause.  In *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408 (M.D.N.C. 1991), the Court was faced with a motion for protective order which had been filed after the date the response to the written discovery was due.  The non-movant argued the motion for protection should be denied in its entirety because it was untimely.  The Court disagreed and found good cause to excuse the otherwise untimely request for a protective order.  In *Brittain*, the Court noted the movant notified the opposing counsel of its objections, submitted a proposed protective order and moved for a protective order when an agreement could not be reached.  Borden-Perlman took many of the same steps, providing good cause for what this Court might consider to be an untimely Motion for Protective Order.

4.     In order to determine that good cause exists, Borden-Perlman respectfully would show the Court the following specific events:

|   |   |   |
|---|---|---|
| a. | March 13, 2015 | Plaintiff serves its Amended Notice of Intent to Take the Oral and Videotaped Deposition of Kelly Myers, Individually and as the Corporate Representative of Borden-Perlman Insurance Agency, Inc. |
| b. | March 16, 2015 | Borden-Perlman sends the attached letter to Jose Portela, one of the attorneys representing Plaintiff, expressing its objections to specific areas of inquiry on the amended notice and requesting modification or clarification. |
| c. | March 16 - 17, 2015 | Mr. Portela sends the attached e-mails to Borden-Perlman stating he believes the Amended Notice of Deposition was appropriate and needed no revisions, refusing to amend the notice and responding to the letter from Borden-Perlman. |

    d.      March 19, 2015      Deposition of Mr. Myers begins at 8:00 a.m.

    e.      March 19, 2015      Borden-Perlman's Motion is filed 10:17 a.m.

In order to comply with the previous agreement to present Mr. Myers for his deposition beginning on March 18 which was abandoned by Plaintiff, Mr. Myers and other witnesses needed to prepare for the deposition had already traveled from Pennsylvania and New Jersey to Texas on Sunday, March 15, 2015 particularly for this deposition. Borden-Perlman and its attorneys expended all of the time available from the time it was notified no agreements could be reached until the Motion for Protective Order was filed preparing for the deposition in question. Furthermore, the deposition could not be stopped to allow a ruling upon Borden-Perlman's motion without causing significant and unneeded expense to Borden-Perlman and its employees who would merely need to repeat their trip in response to an amended notice.

5.     The deposition of Mr. Myers was begun on September 18, 2013 before Borden-Perlman was represented by its previous counsel. Orchestrate has taken the position the deposition of Mr. Myers, originally scheduled on March 18, 2015, was merely a continuance of a previous notice deposition and only apparently changed that position on March 13, 2015 when Plaintiff served its amended notice. The amended notice was substantially similar but not identical to the notice under which the deposition began eighteen months earlier.

6.     Because Plaintiff first issued the amended notice on March 13, Borden-Perlman respectfully asserts it responded timely and seasonably on March 16 when it expressed its objections to the inappropriate amended notice and requested an agreement to amend the notice, which was refused. If Borden-Perlman's motion is deemed untimely, Borden-Perlman respectfully asserts it had good cause for its failure to timely file a motion since the amended notice was first served on March 13, the objections were made to Plaintiff on March 16 and

agreements requested and refused and if Borden-Perlman had requested the deposition be stopped in order to allow this Court to review a motion for protective order, Borden-Perlman would have incurred travel expenses for three individuals from the East coast unnecessarily.

WHEREFORE, PREMISES CONSIDERED, Defendant, BORDEN-PERLMAN, INC., asks the Court to grant the relief requested in its Motion for Protective Order Regarding Deposition of Defendant's Rule 30(B)(6) Designee and for all other relief to which it is entitled.

Respectfully submitted, this 7th day of April, 2015.

Respectfully submitted,

/s/ Sandra Liser
SANDRA LISER
Texas Bar No. 17072250
GRANT LISER
Texas Bar No. 12415000
Naman, Howell, Smith & Lee, PLLC
306 West 7th Street, Ste. 405
Fort Worth, Texas 76102
Telephone: (817) 509-2040
Facsimile: (817) 509-2060
**ATTORNEYS FOR DEFENDANTS ANTHONY L. TROMBETTA AND THE BORDEN-PERLMAN INSURANCE AGENCY, INC.**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served on this the 7th day of April, 2015, as follows and via the Court's ECF system; which sent notification to the following:

> Blake L. Beckham
> Jose M. Portela
> THE BECKHAM GROUP, P.C.
> 3400 Carlisle, Suite 550
> Dallas, Texas 75204

> /s/ Sandra Liser
> SANDRA LISER



## NAMAN HOWELL SMITH & LEE PLLC
ATTORNEYS AT LAW

Grant Liser
Direct Dial: (817) 509-2030
gliser@namanhowell.com

Licensed in Texas and Louisiana

Fort Worth Club Building
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4905
(817) 509-2025
Fax (817) 509-2060

Offices in:
- Austin
- Fort Worth
- San Antonio
- Waco

www.namanhowell.com

March 16, 2015

*Via E-Mail and First Class Mail*
Jose M. Portela
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204

Re: *Orchestrate HR, Inc. v. Anthony L. Trombetta and The Borden-Perlman Insurance Agency, Inc.*; Civil Action No. 3:13-CV-2110-P

Dear Jose:

This letter will serve as my conference concerning the Amended Notice of Intent to Take the Oral and Videotape Deposition of Kelly Myers, Individually and as the Corporate Representative of Borden-Perlman Insurance Agency, Inc. Borden Perlman's objections to the contents and breadth of this notice apply only to the extent the notice is directed to Mr. Myers, presumably pursuant to Federal Rule of Civil Procedure 30(b)(6).

Defendant Borden Perlman requests clarification on the scope of area of inquiry 2. We certainly understand what agreements are referenced in this inquiry but not the matters for examination concerning those agreements. Do you wish the representative to address whether Borden Perlman was aware of the agreements, what Borden Perlman's position is concerning whether the agreements are enforceable, or similar topics? Please clarify the areas concerning these agreements you wish Borden Perlman to address in this deposition.

Please provide clarification of the matters for examination referenced in area of inquiry 5. Based on the information available to Borden Perlman, all of the confidential information provided to Tony Trombetta had already been provided to Borden Perlman without a confidentiality agreement before Mr. Trombetta left his employment with Orchestrate. Therefore, it is impossible for Borden Perlman to understand the area which it needs to be able to address concerning this alleged confidential information.

Area of inquiry 6 is in violation of FRCP 30(b)(6) because it fails to describe with reasonable particularity the matters for examination because it is not limited to in time or subject matter. Please amend this area of inquiry.

{03261599.DOC / }

Established 1917

Jose M. Portela
March 16, 2015
Page 2

Area of inquiry 7 is in violation of FRCP 30(b)(6) because it fails to describe with reasonable particularity the matters for examination because it is not limited to in time or subject matter. Please amend this area of inquiry.

Borden Perlman can respond to area of inquiry 8 if you will identify the existing clients of Plaintiff. If you agree the existing clients consist of the 25 colleges or universities identified in Exhibit 4 to the deposition of Mouzon Bass, we can respond to this area.

Area of inquiry 9 is in violation of FRCP 30(b)(6) because it fails to describe with reasonable particularity the matters for examination because it is not limited to in time or subject matter. Furthermore, we cannot determine the scope of "suggesting a provider or servicer other than Orchestrate or Vivature, Inc." Please provide clarification on the types of providers or servicers, other than repricers that you request Borden Perlman address in this deposition. Also, it is impossible to respond to this request because it is not limited to particular schools or universities. If you will agree this is limited to the 25 schools identified in Exhibit 4 to the deposition of Mouzon Bass, that will be acceptable as to the particular schools or universities.

Based on the information available to Borden Perlman, it has received no profits responsive to area of inquiry 10 because Borden Perlman has not interfered with any of Plaintiff's contracts or prospective business relations. If you wish Borden Perlman to address profits it has received from particular schools or universities, please identify those schools or universities to allow Borden Perlman to respond to this area of inquiry.

Based on the information available to Borden Perlman, it made no defamatory statements concerning Plaintiff and can therefore not provide a witness to address area of inquiry 11. If you will describe the specific statements or types of statements which Plaintiff contends are defamatory and Plaintiff's clients who are referenced in this area, Borden Perlman can provide a witness to respond to this area.

Area of inquiry 12 is new, to the extent it now extends to answers and counterclaims. Nevertheless, this area appears to request information concerning the contentions of Borden Perlman, that is inappropriate under the Federal Rules of Civil Procedure and Borden Perlman will not respond to questions in this area of inquiry. If there are particular facts you wish Borden Perlman to address in this deposition, please specify those facts and we will provide a witness to respond to those facts.

It is inappropriate to request a party's contentions within a deposition under the Federal Rules of Civil Procedure. Therefore, Borden Perlman will not respond to questions in area of inquiry 13.

It is inappropriate to request a party's contentions within a deposition under the Federal Rules of Civil Procedure. Therefore, Borden Perlman will not respond to questions in area of inquiry 14.

{03261599.DOC /}

Jose M. Portela
March 16, 2015
Page 3

---

Area of inquiry 15 is in violation of FRCP 30(b)(6) because it fails to describe with reasonable particularity the matters for examination because it is not limited to in time or subject matter. Please amend this area of inquiry.

Area of inquiry 16 appears to be essentially a duplicate of area of inquiry 2 since we are aware of no other contracts between Mr. Trombetta and Plaintiff. Please specify any additional contracts which Borden Perlman should be able to address in the areas to be addressed concerning those contracts.

Please describe the area of inquiry 18 with reasonable particularity. If you merely wish Borden Perlman to address the work Mr. Trombetta does for Borden Perlman, please let me know because that can easily be addressed.

Borden Perlman cannot respond to area of inquiry 20 without a delineation from Plaintiff of the former or current clients which Borden Perlman should address. If this is limited to the 25 colleges or universities identified in Exhibit 4 to Mouzon Bass's deposition, please so specify, which will be an adequate clarification.

Area of inquiry 22 fails to set forth with reasonable particularity the areas to be addressed by Borden Perlman and is not limited in scope or time. Please provide clarification of the areas to be addressed.

Area of inquiry 23 fails to set forth with reasonable particularity the specific statements or types of statements to be addressed by Borden Perlman and is not limited in scope or time. Please provide clarification of the areas to be addressed.

Borden Perlman cannot respond to area of inquiry 25 without a delineation from Plaintiff of the former or current clients which Borden Perlman should address. If this is limited to the 25 colleges or universities identified in Exhibit 4 to Mouzon Bass's deposition, please so specify, which will be an adequate clarification.

Area of inquiry 26 does not describe the areas to be addressed with reasonable particularity because it does not identify specific proposals or types of proposals and is not limited in time or scope. Please provide clarification of the matters you wish Borden Perlman to address in response to area of inquiry 26.

Please contact me no later than the morning of Tuesday, March 17, 2015 to determine if agreements can be reached on these objections.

Sincerely,

*Grant Liser*

Grant Liser

GL/rlw

{03261599.DOC /}

Jose M. Portela
March 16, 2015
Page 4

---

cc:   *Via E-Mail:*

    James M. Stanton
    STANTON LAW FIRM, PC
    4350 Beltway Drive
    Addison, TX  75001

    Barry J. Muller
    Fox Rothschild LLP
    Princeton Pike Corporate Center
    997 Lenox Drive, Building 3
    Lawrenceville, NJ  08648-2311

From: Jose Portela <jose@beckham-group.com>
Date: March 16, 2015 at 5:05:31 PM CDT
To: Ronda Welch <Ronda@namanhowell.com>
Cc: Sandy Liser <SLiser@namanhowell.com>, Grant Liser <GLiser@namanhowell.com>, Mary Wiltshire <MaryW@namanhowell.com>, "'jstanton@jstantonlaw.com'" <jstanton@jstantonlaw.com>, "'Muller, Barry J.' (BMuller@foxrothschild.com)'" <BMuller@foxrothschild.com>
Subject: RE: Orchestrate v. Borden Perlman; Civil Action No. 3:13-CV-2110-P

Sandy,

This letter is entirely inappropriate. This deposition is a continuation of a prior deposition. It was recessed as a result of an agreement between counsel that was reached before you entered the case. These topics are already in play and no objection was made to them. Notably, this deposition was Court ordered and the deponents were ordered to appear and respond to the deposition notices that were attached to the Motion for Expedited Discovery. I am attaching a copy of that order hereto.

You cannot now start objecting to deposition topics which were provided over a year ago and for Court Ordered depositions for a deposition that has already been started. We expect Mr. Myers to appear and respond to all of the topics or he will be in contempt of court.

If you just want clarity as to a certain topic, please advise.

Jose M. Portela
Partner
The Beckham Group
3400 Carlisle, Suite 550
Dallas, Texas 75204
T: 214-965-9300 | F: 214-965-9301 | Direct Dial 214-965-5104
jose@beckham-group.com

From: Ronda Welch [mailto:Ronda@namanhowell.com]
Sent: Monday, March 16, 2015 4:46 PM
To: Jose Portela
Cc: Sandy Liser; Grant Liser; Mary Wiltshire; 'jstanton@jstantonlaw.com'; "Muller, Barry J.' (BMuller@foxrothschild.com)'
Subject: Orchestrate v. Borden Perlman; Civil Action No. 3:13-CV-2110-P

Dear Mr. Portela:

Please see the attached letter from Sandra Liser in the above-referenced matter.

Thank you,

**Ronda Welch**
**Legal Secretary to Sandra Liser and Grant Liser**
*Naman, Howell, Smith & Lee, PLLC*
Fort Worth Club Building
306 West 7th Street, Suite 405
Fort Worth, TX 76102-4911



**From:** Jose Portela [mailto:jose@beckham-group.com]
**Sent:** Tuesday, March 17, 2015 12:57 PM
**To:** Grant Liser; Sandy Liser
**Cc:** 'stanton@stantontrialfirm.com'; 'Muller, Barry J.'; Ronda Welch; Blake Beckham
**Subject:** RE: Agreement

First and foremost, my reply to this email should not be seen as any acknowledgment that:

1. I agree that any clarification is needed;
2. You are entitled to any clarification;
3. That this deposition is a new deposition- as you know this deposition was recessed by agreement and we are simply reconvening it

Second, each topic should be read as broadly as possible. My attempt below to address your email is not meant to limit the topics in any way but is merely informational and being provided as a courtesy.

Finally, I am concerned that your email is an attempt to limit the topics and that unless I am able to anticipate every line of questioning as well as every response, that you will try to use this attempt to "clarify" as an excuse for Mr. Myer's not being required to be prepared on these topics. Given that these topics were first given to your predecessor counsel over almost 2 years ago, and that the deposition was started and recessed almost a year and a half ago, it is not understandable why I am getting this "request for clarification" just a mere 3 days before this deposition is being reconvened. This is even more concerning given that we have been discussing reconvening this deposition since December of last year.

Without waiver of any right and subject to what I have stated above, here is what I am able to provide as to the deposition topics for which you have requested clarification:

Deposition topics:

2. The answers to your questions are yes.

5. My client does not agree with the assertion in your request. My client's position is that there was a substantial amount of confidential information that was provided to Mr. Trombetta which was not provided to Borden Perlman by my client (other than perhaps by Mr. Trombetta in direct violation of his contracts).

6. This is not a request for clarification. It is an objection that is not appropriate or timely.

7. Same as #6.

8. There is a list of clients and prospective clients which was part of the Agreed Temporary Injunction in this case. You should have that list in your files. In no way is this meant to be limited to the schools listed in Exhibit 4 to the deposition of Mouzon Bass. I would agree that the schools on Exhibit 4 are a sub-part of the greater list and that your client should make sure that he prepares for all schools on the list and may want to be extra prepared on the schools listed in Exhibit 4 (as well as University Arkansas, Pine Bluff). I am not implying that the questioning will be limited to the Exhibit 4 schools and that he should not prepare for any other schools.

9. Same as #6. Your client is well aware of our claim that your client has participated in the redirecting of claims for re-pricing away from our client in direct interference with my client's contracts with the schools.

10. My client does not agree with the assertion that your client has not interfered with my client's contracts with the schools. Regardless, to the extent your client has received any revenue from any of the schools which are the subject matter of the Agreed Temporary Injunction (See the response to #8); your client should be prepared to identify all information related to those profits from any business with them.

11. We already have affidavits confirming certain defamatory statements made by your client about my client. Your "clarification" is absurd as it asks my client to describe statements made by your client to 3rd parties while at the same time your client has already perjured himself and denied that that they made these statements. Your client is in a far better position to know what they said than we are. Mr. Myers should be prepared to discuss all communications with the schools that related to my client. Mr. Myers is simply trying to see where else my client knows that Mr. Myers has perjured himself instead of simply answering the topic.

15. Same as #6.

16. My client is not required to identify every contract with Mr. Trombetta. Mr. Trombetta should be aware of his contracts.

18. Same as #6. We may address all involvement that Trombetta had with Plaintiff's former or existing clients, whether he was employed by my client, your client, or not employed at all.

20. Please see the list of clients which are the subject matter of the Agreed TI. The schools on exhibit 4 should be considered a sub-part of that list. (See response to #8).

22. Same as #6.

23. Same as #6.

25. Same as #20.

26. Same as #6. This would obviously be focused on proposals where Borden Perlman was offering to perform services or arrange for services to be performed by Borden Perlman.
As an aside, sending a 4 page letter at 4:47PM and demanding a detailed response on 16 different issues, by the following morning, is not equitable or appropriate. You have been in possession of these topics since they were attached to the first pleadings filed in this case almost 2 years ago.

2

José M. Portela
Partner
The Beckham Group
3400 Carlisle, Suite 550
Dallas, Texas 75204
T: 214-965-9300 | F: 214-965-9301 | Direct Dial 214-965-5104
jose@beckham-group.com

**From:** Grant Liser [mailto:GLiser@namanhowell.com]
**Sent:** Tuesday, March 17, 2015 11:40 AM
**To:** Jose Portela; Sandy Liser
**Cc:** 'stanton@stantontrialfirm.com'; 'Muller, Barry J.'; Ronda Welch
**Subject:** RE: Agreement

Jose,

Your clarification on the topics set our in my letter, that may take care of that issue. I will check my notes on the deposition of Mr. Myers regarding the time taken in the representative versus individual capacity and we can discuss that issue. However, the Rules allow 7 hours of examination of Mr. Myers in each capacity. So we are simply requesting that we finish the corporate representative portion of the deposition and then complete the individual portion. Please let me know if you can agree to this procedure.
Grant

**Naman Howell Smith & Lee, PLLC**
Fort Worth Club Building
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
(817)509-2025 (main)
(817)509-2030 (direct)
(817)509-2060 (fax)

Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.

**From:** Jose Portela [mailto:jose@beckham-group.com]
**Sent:** Tuesday, March 17, 2015 10:09 AM
**To:** Grant Liser; Sandy Liser
**Cc:** 'stanton@stantontrialfirm.com'; 'Muller, Barry J.'; Ronda Welch
**Subject:** RE: Agreement

Grant,

If we need to, easy solution- ignore the amended notice (the only purpose was to set the date). We are continuing the prior deposition that was recessed by agreement.

I will look at the topics upon which you are asking clarification. By no means am I agreeing that I am required to provide any clarification since this is just a mere continuation of the prior deposition that was recessed by agreement.

Of course I do not agree to any objections that are being made as they have been waived. This is a continuation of the prior deposition that was recessed by agreement.

3

Please provide me with detail on how you calculated that 30 minutes of the prior deposition was Mr. Myers individually. I can only assume that you can provide page and line and some sort of time markings indicating how long each question and answer took. Given that you are already trying to change out deponents in the middle of a deposition, I can't imagine how you would try to use the time spent at the prior deposition against us. Further, there were terrible problems with Mr. Myers responsiveness.

Jose M. Portela
Partner
The Beckham Group
3400 Carlisle, Suite 550
Dallas, Texas 75204
T: 214-965-9300 | F: 214-965-9301 | Direct Dial 214-965-5104
jose@beckham-group.com

**From:** Grant Liser [mailto:GLiser@namanhowell.com]
**Sent:** Tuesday, March 17, 2015 9:46 AM
**To:** Jose Portela; Sandy Liser
**Cc:** 'stanton@stantontrialfirm.com'; 'Muller, Barry J.'; Ronda Welch
**Subject:** RE: Agreement

Jose,

You served an Amended Notice on Friday for the deposition Kelly Myers and we are responding to that Notice. In my letter, we are conferencing with you on issues in that Notice which we believe does not meet the requirements of the Federal Rules of Civil Procedure. The issues raised in my letter deals with the topics for Mr. Myers as the 30(b)(6) representative of Borden Perlman.

In your e-mail at 5:05 pm on March 16, it appears you agreed to provide clarification on the issues on which we cannot discern the matters for examination. That applies to areas of inquiry 2, 5, 6, 7, 8 9, 10, 11, 15, 16, 18, 20, 22, 23, 25 and 26 and covers the vast majority of our issues with the notice. Please provide the proffered clarification today so we can properly prepare.

Please also let me know if you agree with our objections to areas of inquiry 12, 13 and 14.

The other issue I believe needs to be addressed is your apparent refusal to agree to separate Mr. Myers' deposition into his individual and representative capacities. At best, you get 7 hours for each capacity. You have said in many emails that you get 14 hours with Mr. Myers. You have taken 5 hours and 7 minutes in the first deposition and so that leaves 8 hours and 53 minutes remaining. You asked me to review the first deposition and determine how much time you took in each of Mr. Myers capacities. I have done so and it appears that, at best, you all took only 30 minutes of examination that could be characterized as in the individual capacity. Therefore, based on my analysis, there are 2 hours and 23 minutes left for the examination of the 30(b)(6) representative of Borden Perlman and 6 hours and 30 minutes left for the examination of Mr. Myers as an individual.

Grant

**Naman Howell Smith & Lee, PLLC**
Fort Worth Club Building
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
(817)509-2025 (main)
(817)509-2030 (direct)
(817)509-2060 (fax)

Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by