IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORCHESTRATE HR, INC.,           §
                                §
            Plaintiff,          §
                                §
V.                              §           No. 3:13-cv-2110-P
                                §
ANTHONY L. TROMBETTA, ET AL.,   §
                                §
            Defendants.         §

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
OPPOSED MOTION FOR PROTECTIVE ORDER REGARDING
DEPOSITION OF DEFENDANT'S RULE 30(B)(6) DESIGNEE**

Defendant Borden-Perlman Insurance Agency ("BP") has filed an Opposed

Motion For Protective Order Regarding Deposition of Defendant's Rule 30(b)(6)

Designee, *see* Dkt. No. 114, which Chief Judge Jorge A. Solis has referred to the

undersigned magistrate judge for determination, pursuant to 28 U.S.C. § 636(b) and

an order of reference, *see* Dkt. No. 115. Plaintiff Orchestrate HR, Inc. opposes the

motion, *see* Dkt. No. 125, and BP has responded to Plaintiff's initial opposition, filed

as a letter to the Court and copied to all counsel of record, *see* Dkt. Nos. 123 & 124. The

Court heard oral argument on April 8, 2015. *See* Dkt. No. 126. For the reasons

explained below and on the record during the argument, the Court DENIES BP's

Opposed Motion For Protective Order Regarding Deposition of Defendant's Rule

30(b)(6) Designee [Dkt. No. 114].

## Background

The pertinent factual background is familiar to the parties and was discussed

during oral argument. The Court need only recite and rely on the following undisputed facts:

Plaintiff served an amended deposition notice for Kelly Myers individually and as BP's corporate representative under Federal Rule of Civil Procedure 30(b)(6) on March 13, 2015. On March 16, 2015, BP's counsel sent a letter to Plaintiff's counsel asserting concerns with and objections to several of the designated Rule 30(b)(6) topics. On March 17, 2015, Plaintiff's counsel responded and offered clarification as to some topics but did not agree to change the notice. The deposition went forward on March 19, 2015, beginning at or around 8:00 a.m. Mr. Myers was presented for deposition and answered Plaintiff's counsel's questions. BP's counsel did not raise any objections to the Rule 30(b)(6) topics at any time at the beginning of or during the deposition.

At 10:17 a.m. on March 19, 2015, almost two hours into the deposition, BP electronically filed its Opposed Motion For Protective Order Regarding Deposition of Defendant's Rule 30(b)(6) Designee [Dkt. No. 114]. BP's counsel apparently did not alert Plaintiff's counsel to the motion during the deposition.

BP's motion for protective order asserts that "many of the topics fail to meet the requirements of Rule 30(b)(6) because they fail to describe with a reasonable degree of particularity the areas on which the examination of any designees will be conducted, and because they are inappropriate contention questions" and, under Federal Rule of Civil Procedure 26(c), "asks this Court to enter a protective order that Borden-Perlman should not be limited in its future proof to the testimony provided in response to Plaintiff's Amended Notice of Intention to Take the Oral and Videotaped Deposition

of Kelly Myers, Individually and as the Corporate Representative of Borden-Perlman Insurance Agency, Inc. in response to the areas of inquiry listed in [the motion] because those areas of inquiry failed to set forth with reasonable particularity the matters for examination" and "to enter a protective order that Borden-Perlman should not be limited in its future proof to the testimony provided in response to Plaintiff's Amended Notice of Intention to Take the Oral and Videotaped Deposition of Kelly Myers, Individually and as the Corporate Representative of Borden-Perlman Insurance Agency, Inc. in response to areas of inquiry 12, 13 and 14 because those are inappropriate 'contention questions.'" Dkt. No. 114 at 2, 4-5.

## Legal Standards

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).

A motion for a Rule 26(c) protective order is not timely if it is filed after the date or time set for the discovery at issue. *See Maxey v. Gen'l Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996). Rule 26(c)(1), by its terms, is forward-looking and contemplates that there is discovery from which the person seeking protection can still be protected. *See* FED. R. CIV. P. 26(c)(1) ("A party

or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.").

## Analysis

BP's motion was untimely. The deposition had begun more than one hour before BP filed it. While BP raised its concerns with and objections to the Rule 30(b)(6) topics with Plaintiff's counsel a few days before the deposition, when Plaintiff refused to amend the notice and topics, BP's counsel still appeared for the deposition, presented

Mr. Myers for questioning individually and as BP's corporate representative, and did not raise any objections to the noticed Rule 30(b)(6) deposition, to any designated topic, or to any questions as to any topics that BP finds objectionable.

BP asserts that, if the motion was untimely, it is excused for good cause. *See* Dkt. No. 124. Courts have held that, if a movant "can demonstrate good cause for its failure to timely file, a meritorious motion for protective order may nevertheless be granted." *Maxey*, 1996 WL 692222, at *2.

But the Court finds that BP has not shown good cause for its untimely filing here. BP did not press its objections at or before the deposition. BP instead allowed the deposition to go forward, subject only to a motion that, by its terms, seeks to collaterally attack the Rule 30(b)(6) deposition's validity and effect based on objections to the noticed topics that BP's counsel raised before the deposition and could have raised in a motion filed in time to genuinely protect BP from presenting a witness on the disputed topics. BP, at the same time, by failing to file a motion before the deposition or, for that matter, press its objections at the deposition, prevented Plaintiff from avoiding going through questioning that BP now seeks to have, for lack of a better term, invalidated after the fact.

The other excuses that BP's counsel has offered – the potential expense to BP of timely filing the motion and, based on its filing, not going forward with the deposition on March 19 after Mr. Myers and other BP employees had already traveled to the deposition location; the limited resources that BP's counsel had available between March 16 and March 19 to both prepare the deponent and draft and file a

motion in advance of the deposition; the fact that other depositions might be on hold pending the Court's resolving a timely motion based on an agreement of counsel precluding other depositions until Mr. Myers's deposition was concluded – do not constitute good cause for BP's failure to timely file.

BP now asserts that it did not want to stop the deposition, in whole or even as to any particular Rule 30(b)(6) topics. *See* Dkt. No. 124; *see generally Talon Transaction Technologies, Inc. v. StoneEagle Servs. Inc.*, No. 3:13-cv-902-P, 2014 WL 6819846, at *3 (N.D. Tex. Dec. 4, 2014) (explaining that, "'[w]hen a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic'"; that "[f]ailing to appear and testify as to designated topics for a Rule 30(b)(6) deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)'"; and that "a pending motion for protective order only protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion" (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003); FED. R. CIV. P. 37(d)(2))). BP reports that it instead intended to seek an order, after the deposition was completed, ruling on whether BP will be bound by what Mr. Myers did or did not testify to as to certain of the noticed topics.

That request is not well-taken. Insofar as BP is asking the Court to resolve whether Rule 30(b)(6) deposition testimony has the effect of a judicial admission or

only an evidentiary admission, that legal question is not properly presented by this Rule 26(c) motion. *See generally Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 392 n.11 (S.D. Tex. 2011). The motion is untimely, and BP's failure to timely file is not excused. But, even if the motion had been timely filed, resolving the legal question of the general effect of Rule 30(b)(6) corporate representative testimony for purposes of later proceedings, such as summary judgment or trial, is not within the scope of a Rule 26(c) protective order.

And, in any event, BP does not seek to avoid being limited in its future proof based on a particular construction of Rule 30(b)(6)'s terms and effect but rather based on alleged defects in many of the designated topics in Plaintiff's amended deposition notice. The Court cannot agree with BP that it chose the proper course by seek a ruling on its objections to the designated topics only after the deposition but before discovery closes so that, if its prevails on its objections, Plaintiff can notice and take another Rule 30(b)(6) deposition of a BP corporate representative.

Rather, BP's objections to those particular topics at issue in this motion could and should have been presented to the Court in advance of the deposition.

## Conclusion

Because they were not, and there is no good cause to excuse that failure, BP's Opposed Motion For Protective Order Regarding Deposition of Defendant's Rule 30(b)(6) Designee [Dkt. No. 114] is DENIED.

SO ORDERED.

DATED: April 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE