IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORCHESTRATEHR, INC. and VIVATURE, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13 CV-2110-P |
| ANTHONY L. TROMBETTA, THE BORDEN-PERLMAN INSURANCE AGENCY, INC., KELLY MYERS, and DAVE ICENHOWER, | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' EMERGENCY MOTION
FOR SANCTIONS AND REQUEST FOR ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs OrchestrateHR, Inc. ("Orchestrate") and Vivature, Inc. ("Vivature") (collectively "Plaintiffs") file this Emergency Motion for Sanctions and Request for Order and respectfully show as follows:

### I.     INTRODUCTION

1. Defendants' counsels' prior inappropriate conduct in this case is well documented. Yesterday, Defendants counsel flagrantly violated the Texas Disciplinary Rules of Professional Conduct and acted in direct conflict with Federal case law. Ms. Liser, Defendants' lead counsel, has engaged the services of a private investigation firm to directly contact current employees of Plaintiffs and attempt to obtain confidential and privileged information from those employees. This is not speculation- this is a fact which was proven last night.

## II.     FACTS

2.     Defendants' scheme came to light when Ms. Sabrina Hooten, Plaintiffs Comptroller, was contacted last night by a Mr. Darryl Joy of M&M Investigations. Ms. Hooten was contacted via telephone at her home at approximately 7:45pm. Ms. Hooten asked Mr. Joy on whose behalf he was calling and he stated, words to the effect, that he had been hired by the Defendants' counsel in the Vivature case. Ms. Hooten was made uncomfortable by this contact and told Mr. Joy that she would not speak to him. Ms. Hooten then proceeded to email Plaintiffs owner, Mr. Bass and advise him of this contact. Mr. Bass then proceed to notify his counsel of this contact.

3.     Plaintiffs' counsel proceeded to contact Mr. Joy via telephone. At 8:38pm, Plaintiffs' counsel reached Mr. Joy via telephone. Plaintiffs' counsel identified himself and then proceeded to ask Mr. Joy if he had been engaged to contact Plaintiffs' employees. Mr. Joy confirmed that he had been engaged to do so and that it had been done by a law firm in Ft. Worth. Upon further inquiry, Mr. Joy confirmed that it was the Naman Howell firm and specifically was as a result of an email sent by Ms. Sandra Liser. Plaintiffs' counsel then advised that Plaintiffs employees were represented by counsel, should not be contacted directly, and asked which other employees Mr. Joy had been hired to contact. Mr. Joy stated he would not give that information and then hung up the phone. The entire call lasted less than 2 minutes.

4.     Plaintiffs' counsel then drafted and sent the email attached as App. P. 1 Exhibit A. Although the email was sent to all 4 different attorneys who have been involved in this case at

Defendants' current counsels' office, as of the filing of this motion, not a single one has responded[1].

5. Plaintiffs' counsel also drafted and sent the email attached as App. P. 3 Exhibit B. This email was sent to all 3 emails addresses which Plaintiffs' counsel could locate for Darryl Joy and M&M Investigations. As of the filing of this motion, no response has been received.

6. Ms. Hooten is not only Plaintiffs Comptroller, but Ms. Hooten receives the un-redacted invoices for the bills in this case and is in direct receipt of highly attorney-client privileged information. Further, as a result of her position with Plaintiffs, Ms. Hooten has received additional privileged information. There is no question that Ms. Hooten has knowledge of significant confidential information belonging to Plaintiffs.

7. It appears that Defendants and their counsel have no intention of following the rules and that even though they have been sanctioned multiple times, they simply do not care and have no respect for the judicial process or this Court.

### III.   ARGUMENT AND AUTHORITIES

8. ABA Model Rule of Professional Conduct 4.2 and Rule 4.02(a) of the Texas Code of Professional Responsibility share common language and purpose. They are designed to prevent an opposing counsel from taking surreptitious advantage of a represented party by interviewing subordinates. Model Rule 4.2 "Communication with Person Represented by Counsel" states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

---

[1] Mr. Fuller did send an email this morning in which he stated "This is the third and final time I will ask you to cease communicating with me. I consider you [sic] actions unprofessional, if not in ethical [sic], and will proceed accordingly if I hear from you again."

Similarly, Texas Disciplinary Rule of Professional Conduct 4.02(a) "Communication with One Represented by Counsel" states:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

9. Courts may impose sanctions for violations of Rule 4.02. In *Herrera v. Mobil Oil, Inc.*, No. W-89-CA-240, 1990 WL 134426, at *2 (W.D. Tex. May 11, 1990), plaintiff and his attorney, without the knowledge or approval of defendant, drove to a witness' residence for the purpose of questioning him concerning his prior deposition testimony, among other things. The court granted defendant's motion for sanctions, holding plaintiff's conduct to be a violation of Rule 4.02. Among other relief, the court entered an order prohibiting plaintiff from contacting defendant's employees, and requiring plaintiff to submit a list of names of all other employees who had been contacted, along with a summary of the date, place and subject matter of all communications with employees. *Id*.

10. In *Richmond Condominiums v. Skipworth Commercial Plumbing, Inc.*, 245 S.W.3d 646 (Tex.App.—Fort Worth 2008, pet. denied), Richmond moved for sanctions against Skipworth stemming from Skipworth counsel's ex parte contacts with the represented opposing parties. Although the trial court denied Richmond's sanctions motion, the court of appeals reversed, holding that the ex parte contacts constituted an abuse of the discovery process and the trial court's unreasonable failure to impose sanctions for this conduct was an abuse of discretion. *Id*. at 661.

11. In the Fifth Circuit, courts are obliged to stem unethical conduct taking place in any proceeding before them. *In re Am. Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992); *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 730 (S.D. Tex. 2001). In the Northern District, Local

Rule 83.8 governs such "unethical behavior" by attorneys, which is defined as "conduct undertaken in or related to a civil action in this court that violates the Texas Disciplinary Rules of Professional Conduct."

12. Here, Defendants' counsel's ex parte contacts with Plaintiffs' employee constitutes a clear, blatant violation of Rule 4.02. Defendants hired a private investigator to surreptitiously contact persons Defendants' knew to be represented by counsel.

13. To the extent To the extent that Defendants' counsel attempts to claim that she believed that Ms. Hooten was a former employee of Plaintiffs and therefore this allowed Defendants' counsel to contact Ms. Hooten, this fabricated excuse flies in the face of the procedure that both Plaintiffs' counsel and Defendants' counsel have followed in this case as it relates to contacting former employees. Attached as App. P. 10 Exhibit D is an email from Ms. Liser where she asked if she could contact a former employee directly and Plaintiffs' counsel advised her in writing that "*All contact with Ms. Brown will need to be through my office. As I am sure you know, the privilege extends to her communications while she worked for Orchestrate, even though she no longer works there*". In response, Ms. Liser confirmed that "*I will not call Ms. Brown.*" Further, Plaintiffs' counsel followed this very same practice, of asking first, recently in an email on January 26, 2016 in regards to contacting one of Defendants' former employees. App. P. 7 Exhibit C.

### III.   CONCLUSION

14. As a result of Defendants' counsels' egregious conduct, Plaintiffs request the following:

    a. An order prohibiting Defendants, Defendants' counsel, or anyone acting at their direction or in concert with them from contacting any current or former employees of Plaintiffs. Any such contact should be coordinated through

      Plaintiffs' Counsel and done pursuant to the discovery process contained in the Fed. R. Civ. P. Given that Defendants and their counsel have already violated this Court's orders, this order should also provide for specific sanctions against Defendants and their counsel for any future breach of the order;

b. An order requiring Defendants' counsel to provide a detailed summary of all of their contact, or contacts made by anyone at their direction such as M&M Investigation, with Plaintiffs' employees or former employees since this suit was filed on May 31, 2013. This summary should include the time, date, method of contact, who made the contact, who was contacted, and other information identifying the nature and contents of the contact.

c. An order stating that any information or evidence gathered as a result of the contacts described in (b) above be deemed inadmissible.

d. An order requiring Defendants' counsel to produce copies of their communications with M&M Investigation or Mr. Joy individually.

e. Monetary sanctions against Defendants and their counsel in the amount of no less than $50,000;

f. Expense sanctions against Defendants and their counsel in the amount of no less than $5,000;

g. Such other and further relief to which Plaintiffs may be justly entitled and which the Court has discretion to grant set forth herein.

**DATED:** February 4, 2016.

Respectfully submitted,

/s/ Jose M. Portela
Jose M. Portela
State Bar No. 90001241
jose@beckham-group.com
Sarita A. Smithee
State Bar No. 24054254
sarita@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
214-965-9300 (tel.) 214- 965-9301 (fax)
*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

Exhibit A, (App. P. 1 Exhibit A) illustrates Plaintiffs' counsel's attempt to conference with Defendants' counsel. Defendants' counsel has not responded. Accordingly, it should be assumed that Defendants' are opposed to the relief sought in this motion.

/s/ Jose M. Portela
Jose M. Portela

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been delivered to the following parties, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by and through the ECF system on this 4th day of February, 2016.

| | | |
|---|---|---|
| Sandra Liser | *Via:* | sliser@namanhowell.com |
| Grant Liser | | gliser@namanhowell.com |
| Brad Douglas | | bdouglas@namanhowell.com |

Naman Howell Smith & Lee, PLLC
Fort Worth Club Building, 306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911

/s/ Jose M. Portela
Jose M. Portela

I:\EDH\BP\Pleadings 3 13-cv-02110\emergency motion for sanctions 020416.docx