**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ORCHESTRATEHR, INC. and** | |
| **VIVATURE, INC.** | **PLAINTIFFS** |
| | |
| **v.** | **CIVIL ACTION NO. 3:13-CV-2110-KS-BH** |
| | |
| **ANTHONY L. TROMBETTA,** | |
| **THE BORDEN-PERLMAN INSURANCE AGENCY,** | |
| **KELLY MYERS, and DAVE ICENHOWER** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Objections to the Magistrate's Order ("Objections") [329] filed by Defendants Anthony L. Trombetta, Borden-Perman Insurance Agency, Kelly Myers, and Dave Icenhower, and the Motion for Fed. R. Civ. 37(b)(2) Relief Against All Defendants for Violating Order Dkt. 311 ("Motion for Sanctions") [333] filed by Plaintiffs Orchestrate HR, Inc., and Vivature, Inc.. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Objections are not well taken and should be overruled. The Court further finds that the Motion for Sanctions [333] is well taken and should be granted.

**I.  BACKGROUND**

The current motions concern an Order [311] entered in this case by United States Magistrate Judge David Horan (the "Magistrate") on April 18, 2016. In this Order [311], the Magistrate ruled, *inter alia*, on the Plaintiffs Orchestrate HR, Inc. ("Orchestrate"), and Vivature, Inc.'s ("Vivature") (collectively "Plaintiffs") Motion for Sanctions [232], Emergency Motion for Sanctions [245][251], and Motion to Compel [281].[1]  The Magistrate held a hearing on February 18, 2016, in connection

---

[1] The Order [311] also addresses Plaintiffs' Motion for Sanctions [240] against Trombetta, but no objection was raised as to this ruling.

with the Motion for Sanctions [232] and Emergency Motion for Sanctions [245][251], before issuing his Order [311] on April 18, 2016.

In this Order [311], the Magistrate found that sanctions against Defendants Anthony L. Trombetta ("Trombetta"), Borden-Perman Insurance Agency ("BP"), Kelly Myers ("Myers"), and Dave Icenhower ("Icenhower") (collectively "Defendants"), were appropriate for the actions of their attorney, Sandra Liser ("Liser"), in directing a private investigator to contact Janey Brown ("Brown"), after specifically being told Brown was represented by counsel for Plaintiffs and agreeing not to contact her. The Magistrate ordered Defendants to pay reasonable attorneys' fees and prohibited Defendants, their counsel, or anyone acting on their behalf from contacting any current or former employees of Plaintiffs or their subsidiaries without first coordinating that contact through Plaintiffs' counsel. The Magistrate further ordered Defendants to produce a copy of any communications between their counsel and the investigators who facilitated the inappropriate contact with Brown.

In the same Order [311], the Magistrate granted in part Plaintiffs' Emergency Motion for Sanctions [245][251] against Defendants for failing to comply with previous discovery orders and requests, again awarding attorneys' fees and costs related to the motion as sanctions. The Magistrate also granted in part Plaintiffs' Motion to Compel and for Sanctions [281] and ordered Defendants to "fully respond and produce all nonprivileged documents responsive to all requests for production of documents . . . or list the specific bates ranges of previously-produced documents . . . ." (Order [311] at p. 64.) The Magistrate further ordered Defendants to pay attorneys' fees and costs associated with making this motion as well.

The motions granted by the Magistrate constitute the third, fourth, and fifth motions for sanctions against Defendants over the course of this litigation.

2

Defendants filed their Objections [329] to the Magistrate's Order [311] on May 2, 2016. On May 9, 2016, Plaintiffs filed their Motion for Sanction [333], claiming Defendants have not complied with the Magistrate's Order [311]. After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  DEFENDANTS' OBJECTIONS [329]

### A.    Standard of Review

The Magistrate's Order [311] was on a non-dispositive matter, which means that Federal Rule of Civil Procedure 72(a) applies to the Court's review. Rule 72(a) states that the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "the district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (citations and internal quotations omitted). "When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions." *Id.* Review of the Magistrate's legal conclusions is under a *de novo* standard. *Id.*

### B.    Motion for Sanctions [232]

Under his ruling on Plaintiffs' Motion for Sanctions [232], the Magistrate found that Liser instructing Defendants' investigator to contact Brown after specifically telling Plaintiffs' counsel that all contact with Brown would go through their office, constituted bad-faith litigation practices and abuse of the judicial process, which was sanctionable under the Court's inherent powers. Defendants now raise objections to the Magistrate's imposition of sanctions.

3

It is difficult for the Court to pinpoint Defendants' specific objections to the Magistrate's ruling, as Defendants raise multiple issues that are wholly irrelevant to the Magistrate's reasoning. The Court assumes these confusing objections stem from a misreading of the Magistrate's Order [311], and will address them as thoroughly as possible. First, though, it is helpful to understand what the Magistrate actually held in relation to these sanctions.

Ultimately, the Magistrate based his decision on the following factual findings, which the Court reviews for clear error: (1) that Liser told opposing counsel she would not contact Brown and, (2) with full knowledge of this representation to opposing counsel, that Liser directed her investigator to contact Brown. In light of Liser's bad-faith conduct, the Magistrate sanctioned Defendants through the Court's inherent powers and ordered Defendants not to contact any current or former employee of Plaintiffs without first contacting Plaintiffs' counsel and to disclose all communications between Defendants and their investigator.

Because the Magistrate's ruling did not address it, Defendants first objection centering around their contact with Sabrina Hooten, another former employee of Plaintiffs, is irrelevant. Defendants next make multiple arguments about their contact with Brown.

First, they maintain that there is no evidence that their investigator ever contacted Brown. The Magistrate found that Liser, after specifically stating she would not contact Brown, "retained and directed a private investigator to contact Ms. Brown, inquire whether she was represented, and if Ms. Brown did not report that she was represented, ask her question concerning this case." (Order [311]. at p. 14.) The Court finds that this factual finding is supported by evidence and does not leave the Court "with the definite and firm conviction that a mistake has been committed." *See Smith*, 154 F.R.D. at 665. The fact that Liser directed the investigator to contact Brown after stating to opposing counsel that she would have no contact with Brown, was the sanctionable conduct the

4

Magistrate found, *not* any actual contact with Brown. The fact that the investigator may not have contacted Brown, then, is irrelevant.

Second, Defendants argue that they did not violate the no-contact rule and therefore cannot be sanctioned for such a violation. Again, Defendants misread the Magistrate's Order [311]. The Magistrate sanctioned Defendants under the Court's inherent power to sanction bad-faith litigation conduct which abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991) ("A primary aspect of [the Court's] discretion [under its inherent powers] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") Defendants were not sanctioned for violating the no-contact rule, and whether or not they did is also irrelevant.

Defendants next attempt to argue, citing multiple authorities from outside the Fifth Circuit, that the Magistrate erred in sanctioning them under the Court's inherent powers because nothing in the local rules or norms of professional conduct would have put them on notice that their conduct was wrongful. The conduct for which Defendants were sanctioned were Liser's actions in first representing to opposing counsel that she would not contact Brown and then instructing her investigator to do just that. With Texas Disciplinary Rule of Professional Conduct 8.04(3) clearly making it misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation," the Court does not see how Liser could not have been on notice that such an apparent misrepresentation to opposing counsel could be sanctionable. The Court therefore does not find this argument to be persuasive.

Defendants further argue that, because Liser sent an e-mail to the investigator days after her first instructions, telling him not to contact Brown, she corrected her own conduct and Defendants should not be sanctioned on this basis. However, the Magistrate found that it was Liser's co-counsel

who made her stop the attempt to contact Brown, and that this did not absolve Liser of wrongdoing. The Magistrate's finding is supported by the representation of Liser's co-counsel at the hearing held in relation to this motion, and the Court finds no clear error with this finding. (*See* Transcript [285] at 16:9-11.)  The Order [311] will therefore not be modified on this basis.

None of Defendants' objections provide a basis for the Court to reverse the Magistrate's ruling. The Court finds that the Magistrate's factual findings are based in the evidence and do not leave it "with the definite and firm conviction that a mistake has been committed." *Smith*, 154 F.R.D. at 665. Moreover, the sanction fashioned by the Magistrate is appropriate in light of the conduct of Defendants, as it is tailored to prevent such conduct in the future. *See Chambers*, 501 U.S. at 44-45. As such, Defendants' Objections [325] to these sanctions are **overruled**.

### C.     Emergency Motion for Sanctions [245][251]

Defendants also object to the Magistrate's ruling on the Emergency Motion for Sanctions [245][251], which imposed sanctions on them for their failure to comply with the Court's prior Discovery Order [170]. This previous order required Defendants to produce documents in response to Plaintiffs' requests for production and/or provide specific bates numbers for those documents already produced, for, *inter alia*, contracts and proposals made to any of the listed schools. The Magistrate found that Defendants had not complied with this Order [170], and found sanctions to be appropriate. As sanctions, the Magistrate ordered Defendants to pay reasonable attorneys' fees and costs connected with Plaintiffs' motion.

Defendants first argue that the Magistrate's finding that they did not comply with this order is incorrect, because they did produce documents and bates numbers by the required July 31, 2015, and August 7, 2015, deadlines. The Magistrate, though, found that what Defendants produced by the deadlines was not sufficient. In making this finding, the Magistrate relied on several e-mails

6

from Defendants' counsel and the spreadsheet prepared by her listing the schools with which BP held contracts, and the Court finds no clear error to this factual finding. Defendants did not produce what they claim are all the responsive documents until January 4, 2016. Defendants appear to take the position, though, that because they did *partially* comply with the Court's previous Order [170], they cannot be sanctioned for not *fully* complying with it. They are mistaken on this point, as partial compliance is not full compliance.

Defendants next contend that, because they filed objections to this Order [170] with the district judge, their failure to more fully comply is excusable and should not be sanctioned. They argue that the Magistrate discounted the effect their objections had on the deadlines imposed by the order. Because the Court finds that Defendants' objections had *no* effect on the deadlines in the Order [170], it finds that the Magistrate, in not considering any such effects, was correct. Defendants knew the Order [170] set outstanding July and August deadlines. If they wanted these deadlines stayed or extended until their objections were ruled upon, they could have requested such relief from the Court. Instead, they partially complied with the Order [170] and delayed full-compliance until January 2016, months after their production was due.

Finally, Defendants contend that the delay did not harm Plaintiffs and that the sanctions issued were unjust. The sanctions issued by the Magistrate were attorneys' fees and costs associated with Plaintiffs' motion, in order to compensate them for having to file such a motion to garner Defendants' compliance with a court order. As this sanction spares Plaintiffs from incurring the expense of their motion, which would not have needed to be filed absent Defendants' conduct, the Court finds that it is a fair sanction.

Because none of Defendants' objections are grounds for reversing the Magistrate's ruling on this motion, they will be **overruled**.

### D.      Motion to Compel [281]

In ruling on Plaintiffs' Motion to Compel [281], the Magistrate ordered Defendants to fully respond to Plaintiffs most recent production requests "and produce all nonprivileged documents responsive to all requests for production of documents . . . or list the specific bates ranges of previously-produced documents . . . ." (Order [311] at p. 64.) In making this ruling, the Magistrate found that Defendants had waived all objections to the requests by not sufficiently supporting them and that the responses that were given by Defendants were deficient.

#### 1.      Waived Objections

The Magistrate found that Defendants, in their response to Plaintiffs Motion to Compel [281], "offer[ed] nothing in support of any of their objections, specific or general, in response to Plaintiffs' motion to compel" and did not "in any way attempt to amend the original responses, withdraw the objections, argue in support of the objections, or address any of Plaintiff's arguments."[2] (Order [311] at p. 56.) Defendants' object to the Magistrate finding that they waived these objections and claim that their failure to do so was understandable in the context, as they instead attempted to respond to the production requests.

It is fundamental that the party resisting discovery must specifically show how each discovery request is irrelevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party is not relieved of this burden because he chose to attempt to comply with the objectionable discovery requests instead, and Defendants cite no authority on which the Court could find the Magistrate's ruling was contrary to law. As such,

---

[2]The Court would note that the only Response [295] Defendants submitted to this motion was a two-page document purporting to show how they have supplemented their responses to Plaintiffs' production requests.

his finding that Defendants' waived their objections to the production requests will not be reversed.

### 2.     Deficient Responses

Defendants object to the Magistrate finding their responses to the production requests were insufficient, as he "apparently [took] Plaintiffs' counsel's word for this." (Objections [329] at p. 22.) The Magistrate, however, took pains to provide specific examples of production requests made by Plaintiffs to which Defendants had not responded. (*See* Order [311] at pp. 58-62.)  Moreover, in their Response [295] to Plaintiffs' motion, Defendants stated that they would supplement their responses to these requests at a later date, admitting that their current responses were not complete and giving no reason as to why complete production needed to be delayed.

Defendants go on to argue why their objections to the production requests are meritorious, but these objections were waived as they were never brought before the Magistrate in Defendants' Response [295] to the Motion to Compel [281].  The Court has already ruled that the Magistrate's holding that these objections were waived was correct.  As such, they cannot be grounds to reverse the Magistrate's decision.

Therefore, because Defendants have shown no cause as to why the Magistrate's Order [311] should be reversed or modified, the Court will **overrule** their Objections [329] in their entirety and the Magistrate's Order [311] is adopted as the opinion of the Court.

### III. PLAINTIFFS' MOTION FOR SANCTIONS [333]

In their current Motion for Sanctions [333], Plaintiffs argue that Defendants have violated the Court's Order [311] by not fully responding to the production requests as ordered therein.  That Order [311] set responses to these requests as due by April 28, 2016.  Defendants do not deny that they have not fully responded to these production requests.  Rather, they attempt to argue that some

of the documents requested are not in the possession of the individual defendants, Myers, Icenhower, and Trombetta, from which Plaintiffs requested those documents. These arguments are presented for the first time in Defendants' Response [359] to this motion when they should have properly been brought months ago in response to Plaintiffs' original Motion to Compel [281]. As such, these arguments have been waived and will not excuse Defendants' non-compliance with the Court's Order [311].[3]

Defendants also attempt to argue that they have partially complied with the Court's Order [311] and are working to fully respond. They admit that they have "mistakenly transposed some of their responses," and blame Plaintiffs' large volume of requests as the reason they have not fully complied with the Court's Order [311]. (Response [359] at p. 11.) However, the Court is skeptical about whether Defendants are working in good faith to respond to the Order [311], particularly when, a week after the deadline for production expired, Defendants wholly failed to respond to Plaintiffs' counsel's e-mail regarding deficiencies in the production.

Defendants in this case have repeatedly been sanctioned for their conduct, and have shown no good cause as to why they have failed to fully comply with the Court's previous Order [311]. Parties have been previously warned that failure to comply with any order "entered by the court or magistrate judge . . . may result in . . . sanctions the court deems appropriate, including but not limited to the imposition of monetary sanctions against the offending party, attorney, or both . . . ." (Order [338] at p. 4.) Because Defendants have failed to fully produce responses to Plaintiffs'

---

[3] The Court would further note that many of these documents are argued to be dealing with the individual Defendants' "business dealings," and as such are not in their personal possession. The necessary conclusion the Court must reach is that these documents would be in the possession of their employer, which is Defendant BP, who should be able to provide them for production. (*See* Response [359] at p. 7.)

10

discovery requests, in full knowledge of the deadline set out it the Court's Order [311], with no showing of good cause, the Court finds that sanctions are appropriate in this case under Federal Rule of Civil Procedure 37(b)(2)(A).

Because of Defendants' multiple sanctions which have apparently had no deterrent effect on their behavior, the Court finds it appropriate to treat Defendants' conduct as contempt of court under Rule 37(b)(2)(A)(vii). This treatment is also appropriate under the Court's inherent powers, which include the power to hold in contempt those who violate the courts' own orders. *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) (citing *United States v. Fidanian*, 465 F.2d 755, 757 (5th Cir. 1972)). In determining the imposition of a civil contempt sanction, the Court is directed to consider "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citations omitted).

The harm of noncompliance is obvious. Defendants' responses under the Court's Order [311] were due in April 2016. It is now October, and their refusal to fully respond to Plaintiffs' requests as required has resulted in a six-month delay in a case which has been rife with delays and which has been pending for over three years. The Court is convinced that a harsh sanction is necessary to be effective, as Defendants have received multiple milder sanctions which have not served to deter their behavior. While the Court is unaware of Defendants' financial resources, their willfulness in continuing to defy the Court's Order [311] is evident from the fact, to the Court's knowledge, Defendants have still failed to fully comply with the order six months after being required to do so.

11

The Court therefore will **grant** Plaintiffs' Motion for Sanctions [333]. Defendants are ordered to pay the reasonable attorneys' fees and costs associated with the filing of this motion. Defendants are further ordered to pay into the registry of the court $1000 per day, beginning from the date of this order, until they fully comply with the Court's Order [311] and fully respond to Plaintiffs' production requests.

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Objections [329] are **overruled**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion for Sanctions [333] is **granted**. Defendants are ordered to pay the reasonable attorneys' fees and costs associated with the filing of this motion. Defendants are further ordered to pay into the registry of the court $1000 per day, beginning from the date of this order, until they fully comply with the Court's Order [311] and fully respond to Plaintiffs' production requests.

SO ORDERED AND ADJUDGED this the 13th day of October, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE