IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORCHESTRATEHR, INC. and VIVATURE, INC. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13 CV-2110-P |
| ANTHONY L. TROMBETTA, THE BORDEN-PERLMAN INSURANCE AGENCY, INC., KELLY MYERS, and DAVE ICENHOWER, | § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' PROPOSED MOTION AND ORDER IN LIMINE

**TO THE HONORABLE JUDGE OF THIS COURT:**

**NOW COME** Plaintiffs OrchestrateHR, Inc. and Vivature, Inc., Movants herein, before commencement of the voir dire examination of the jury panel, and files their Proposed Motion and Order in Limine ("Motion"). In support thereof, Movants respectfully show the Court the following:

Movants seek to exclude matters that are irrelevant, prejudicial, or incompetent to the material issues in the cause. If any of the parties introduce these matters into the trial of this cause through a party, a witness, or an attorney, such introduction will cause irreparable harm to Movants' case, which would not be cured by any jury instruction.

Movants request the Court to instruct the attorneys for the parties that violation of any of these instructions may cause harm to Movants and deprive Movants of a fair and impartial trial, and the failure to abide by such instructions may constitute contempt of Court.

Should any of these matters be brought to the attention of the jury, either directly or indirectly, Movants may be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Movants urge this Motion in Limine.

Movants request the Court to enter an order prohibiting the parties, or their counsel, from offering any of the evidence listed below, without first asking for a ruling from the Court, out of the hearing of the jury, on the admissibility of evidence.

After consideration of the same, the Court orders the parties, the parties' attorneys, and all witnesses called on behalf of the parties to refrain from any mention or interrogation, directly or indirectly, including offering documentary evidence, about any of the following matters without first requesting and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case.

1. Any mention that this Motion has been filed, the contents of this Motion, or any of the Court's rulings on this Motion. FED. R. CIV. P. 401-403.

GRANTED _____   DENIED _____   AGREED _____

2. Any mention or reference to the probable testimony of any fact or expert witness who is absent, unavailable, has been struck by this Court, or is not called to testify in this cause. Such testimony is inadmissible as it is unsworn and unreliable. FED. R. CIV. P. 401, 403, 801;

GRANTED _____   DENIED _____   AGREED _____

3. That any party not make any statement which tends to inform or advise the jury, or the jury panel, of the effect of their answers to the questions posed in the Court's charge or any instruction related thereto. FED. R. CIV. P. 401-403; *Webber, LLC v. Dayton Superior Corp.*, 4:12-CV-181-A, 2013 WL 3890849, at *2 (N.D. Tex. July 29, 2013).

GRANTED _____   DENIED _____   AGREED _____

4. That all of the parties be instructed not to ask questions (including asking for the production of documents) to the opposing counsel in front of the jury regarding preliminary matters. These issues should be discussed outside of the presence of the jury. FED. R. CIV. P. 401-403.

GRANTED _____   DENIED _____   AGREED _____

5. Any question by the parties' counsel during voir dire asking if a member of the venire can follow the law with regard to a relevant fact that has been mentioned as part of the current cause. Such questions are improper commitment questions. *Cortez v. HCCI – San Antonio, Inc.*, 159 S.W.3d 87, 92 (Tex. 2005); *Hyundai v. Vasquez,* 189 S.W.3d 743 (Tex. 2006).

GRANTED _____   DENIED _____   AGREED _____

6. Any comment or statement by the parties' counsel advocating as to what the laws should be. Nothing herein shall prevent counsel from referencing any language in the Court's charge or any instructions relevant thereto.

GRANTED _____   DENIED _____   AGREED _____

7. Any statement, reference, or comment of any kind that tends to lead the jury to believe that there are things concerning the trial of a lawsuit or this lawsuit that counsel cannot tell the jury.

GRANTED _____   DENIED _____   AGREED _____

8. Any mention of or reference to any mediation or settlement negotiations whatsoever. FED. R. CIV. P. 401-403, 408.

GRANTED _____   DENIED _____   AGREED _____

9. That all parties and counsel be instructed not to mention during voir dire examination or at any time during the trial of this cause that the trial judge or any appellate court

has the right or any function in reviewing the verdict of the jury to the extent that the jury might assume that their verdict is only advisory in nature.

GRANTED __________ DENIED __________ AGREED __________

10. That counsel for all parties be instructed to refrain from any argument or comment to the effect that the jury or a juror should place himself or herself in any of the parties' position in reviewing the evidence or in answering the questions in the Court's charge.

GRANTED __________ DENIED __________ AGREED __________

11. Any reference to any counsel's conduct during the pendency of this case. Any reference to such conduct is irrelevant to any issues that the jury must decide and is more prejudicial than probative. FED. R. CIV. P. 402, 403.

GRANTED __________ DENIED __________ AGREED __________

12. Any witness of any party not named in response to disclosures or interrogatories, excluding any potential rebuttal expert or fact witnesses, or any evidence (including documents) requested by the parties and not produced. FED. R. CIV. P. 26(a), (e).

GRANTED __________ DENIED __________ AGREED __________

13. Before the Court rules on the law applicable to this case, any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believes to be applicable other than as otherwise limited by this Motion in Limine.

GRANTED __________ DENIED __________ AGREED __________

14. Any mention of or statement from the parties' counsel regarding their personal opinion about the credibility of a witness. Provided that nothing herein shall prevent counsel from arguing about the credibility of a witness based on objective matters.

GRANTED __________ DENIED __________ AGREED __________

15. Any comment to the jury that the court can reduce the amount of the jury's award.

GRANTED _____     DENIED _____     AGREED _____

16. Any mention of or reference to legal opinions by any party, any party's counsel, and their witnesses.

GRANTED _____     DENIED _____     AGREED _____

17. Any comment or statement by the parties' counsel to the general effect that the jury can or should decide the case based on anything other than the evidence before it, including comments or statements that imply that a verdict can be rendered on the basis of what the jury considers to be fair, equitable and just, or similar statements to that effect.

GRANTED _____     DENIED _____     AGREED _____

18. Any comment, question, reference, or suggestion to any trial exhibits that were not timely served upon the parties in accordance with this Court's scheduling order.

GRANTED _____     DENIED_____     AGREED _____

19. Any comment, question, reference, or suggestion to the testimony, opinions, or Court appearance of any person having knowledge of relevant facts who was not previously identified or timely supplemented in response to a party's discovery requests.

GRANTED _____     DENIED _____     AGREED _____

20. Any comment, question, reference, or suggestion to the testimony, opinions, or Court appearance of any expert who was not previously identified or timely supplemented as an expert witness or whose opinions have not been previously disclosed in response to the parties' discovery requests. FED. R. CIV. P. 26, *Alldread v. City of Grenada*, 988 F.2d 1425, 1435 (5th Cir. 1993).

GRANTED _____     DENIED _____     AGREED _____

21. During voir dire or opening statements, publishing, displaying, quoting, or reading from any exhibit or deposition testimony that has not been pre-admitted.

GRANTED _____     DENIED _____     AGREED _____

22. Any comment, question, reference, or suggestion by a party that the way a deposition video clip was cut and/or played to the jury "wasn't right" or that implies that a party has altered or adulterated the deposition video clip and is misrepresenting the testimony of the deponent. Any such comment could only be for the purpose of impugning the integrity and credibility of the party and the party's attorneys. The Texas Rules of Evidence sufficiently provide for optional completeness to remedy the alleged incompleteness of deposition video clips showed to the jury.

GRANTED _____     DENIED _____     AGREED _____

23. Any use of demonstrative aids during voir dire.

GRANTED _____     DENIED _____     AGREED _____

24. Any reference to or mention of any other lawsuits which the parties, or their affiliates or owners, were involved in. Any such reference would be more prejudicial than probative of any issue the jury is being asked to decide in this case.

GRANTED _____     DENIED _____     AGREED _____

25. Any reference to any dicta contained in any Orders issued by this Court. Any such reference would be more prejudicial than probative of any issue the jury is being asked to decide in this case. While the Court's ruling on certain issues may be probative of certain issues, the dicta contained in that ruling is not.

GRANTED _____     DENIED _____     AGREED _____

26. Any reference to any "audits", or the contents thereof, performed by Administrative Concepts Inc. as that company was not deposed in this case nor has it provided a

business records affidavit and therefore the "audits" conducted by the company would be heresay.

GRANTED _____          DENIED _____          AGREED _____


**Dated:  January 5, 2017.**

                                                  Respectfully submitted,

                                                  /s/ Jose M. Portela
Jose M. Portela
State Bar No. 90001241
jose@beckham-group.com
Sarita A. Smithee
State Bar No. 24054254
sarita@beckham-group.com
THE BECKHAM GROUP, P.C.
3400 Carlisle, Suite 550
Dallas, Texas 75204
214-965-9300 (tel.)
214- 965-9301 (fax)
*ATTORNEYS FOR PLAINTIFFS ORCHESTRATEHR, INC. AND VIVATURE, INC.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been delivered to the following parties, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by and through the ECF system on this 5th day of January, 2017.

| | |
|---|---|
| Sandra Liser<br>Grant Liser<br>Naman Howell Smith & Lee, PLLC<br>Fort Worth Club Building<br>306 West 7th Street, Suite 405<br>Fort Worth, Texas 76102-4911 | Via: sliser@namanhowell.com &<br>gliser@namanhowell.com |
| Christopher D. Kratovil<br>Alison R. Ashmore<br>Gemma R. Galeoto<br>Dykema Cox Smith<br>1717 Main Street, Suite 4200<br>Dallas, Texas 75201 | Via: ckratovil@dykema.com &<br>aashmore@dykema.com<br>ggaleoto@dykema.com |
| Richard A. Sayles<br>Mark D. Strachan<br>Sayles Werbner, PC<br>1201 Elm Street, Suite 4400<br>Dallas, Texas 75270 | Via: dsayles@swtriallaw.com &<br>mstrachan@swtriallaw.com |

/s/ Jose M. Portela
Jose M. Portela

I:\EDH\BP\Pleadings 3 13-cv-02110\Motion in Limine 1-5-17.doc