## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **ORCHESTRATE HR, INC. and VIVATURE, INC.** | **PLAINTIFFS** |
| **v.** | **CIVIL ACTION NO. 3:13-CV-2110-KS** |
| **ANTHONY L. TROMBETTA, THE BORDEN-PERLMAN INSURANCE AGENCY, INC., KELLY MYERS, and DAVE ICENEHOWER** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion *In Limine* [395] and Defendants' Motion *In Limine* [396].  After considering the submissions of the parties, the record, and the applicable law, the Court finds that both motions should be granted in part and denied in part.

## I. LEGAL STANDARD

"Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds."  *Rivera v. Salazar*, No. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Requests for broad *in limine* exclusions are better deferred until trial "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context."  *Id.* (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)).  Denial of a motion *in limine* does not mean automatic admission at trial; rather, it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  *Id.* (quoting *Hawthorne*, 831 F.Supp. at 1401).

Each party has moved for multiple categories of evidence to be excluded.  The Court will address each separately.

## II.  PLAINTIFFS' MOTION *IN LIMINE* [395]

**1.**     **Mention of this motion**

Both parties have requested that reference to motions *in limine* be excluded, and the Court

will therefore **grant** Plaintiffs' motion as to this point.

**2.**     **Mention of testimony of absent and unavailable witnesses**

Without this testimony before the Court, it is impossible to determine whether a hearsay

exception exists for any testimony of an unavailable witness.  The motion will be **denied** as to this

issue.

**3.**     **"Any statement which tends to inform or advise the jury, or the jury panel, of
the effect of their answers to the questions posed in the Court's charge or any
instruction related thereto"[1]**

The Court is unclear what Plaintiffs are asking be precluded and will therefore **deny** the

motion as to this point.

**4.**     **Questions about preliminary matters**

Plaintiffs ask that all parties not ask questions about preliminary matters in front of the

jury.  Though the Court does not see how all such questions would be prejudicial, because

Defendants have agreed to approach the bench regarding such matters, the motion will be **granted**

with regards to this issue.

**5.**     **Voir dire questions about following the law**

Plaintiffs ask that parties be excluded from asking whether a member of the venire can

follow the law with respect to any issue that might arise during voir dire, as such questions are

"improper commitment questions."  The Court feels that it is more than relevant at the voir dire

---

[1] Plaintiffs ask that "any party" be precluded from making such a statement.  Like in every point in their Motion *In Limine* [395], Plaintiffs merely give a conclusory statement that this type of statement and cite authority they claim supports it.  Here, they unhelpfully and erroneously cite Federal Rules of Civil Procedure 401-403, which the Court assumes is meant to be Federal Rules of *Evidence* 401-403, as well as a case dealing with jury interrogatories.

stage to ascertain whether a potential juror can follow the law in connection to a pertinent issue, and the motion will be **denied** as to this point.

### 6.    Comments as to what the law should be

Plaintiffs ask that all comments as to what the law should be, be precluded from trial. Obviously, questions of the law are outside of the purview of the jury, and no comment should be made that undermines the Court's instructions to the jury as to the law.  The motion will therefore be **granted** as to this issue.

### 7.    Comments that lead jury to believe there are facts they are not being told

Plaintiffs request that the Court preclude any comment, reference, or statement that might lead the jury to believe that there are matters concerning this suit that are not being told to them. This is an extremely broad request as any objection made at trial and in the presence of the jury could potentially lead the jury to believe that they were not being told something.  Because of its overbreadth, the motion will be **denied** as to this point.

### 8.    Mention of mediation or settlement negotiations

Insofar as this point merely seeks enforcement of Federal Rule of Evidence 408, which prohibits evidence of compromise negotiations in most cases, the motion will be **granted** in this point.  However, it will be **denied** in that the exceptions listed in Rule 408 will also be enforced.

### 9.    Mention of potential court review of verdict

Plaintiffs ask that all parties be precluded from mentioning to the jury that the Court could review their verdict on motion or that an appellate court could review it on appeal.  Because such comments are highly irrelevant and inappropriate, the Court is sure that no party would attempt to make them.  However, as a precautionary measure, the motion will be **granted** on this issue.

**10.    Arguments that the jury should place itself in a party's position**

Plaintiffs request that no argument or comment be made that the jury should place themselves in a party's position.   The Court finds that such arguments and comments are inappropriate and will therefore **grant** the Motion *In Limine* [395] with respect to this point.

**11.    Reference to any counsel's conduct**

Plaintiffs ask that any reference to any counsel's conduct during this litigation be excluded. This request is odd, though, because Plaintiffs vehemently argue that such conduct is relevant to the jury's determination of the reasonableness of their attorneys' fees in their Response [401] to Defendants' Motion *In Limine* [396], as this is a jury issue under Texas law.[2]   Plaintiffs cannot have it both ways.   The Court agrees that the conduct of all counsel is irrelevant in the determination of liability and damages in this case and will **grant** Plaintiffs' motion as to this issue. However, it will be **denied** in that counsel's conduct could be relevant to the reasonableness of attorneys' fees, but *only* in connection to the instances where attorneys' fees have not already been awarded.[3]

**12.    Undisclosed evidence**

Plaintiffs ask that any undisclosed evidence be excluded.   Again, Plaintiffs argue for the opposite in their Response [401] to Defendants' motion.   Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to make a required disclosure under Rule 26(a) or (e), they are precluded from using the information or witness at trial "unless the failure was substantially justified or is harmless."   The Court will therefore **grant in part** and **deny in part** Plaintiffs' request and exclude

---

[2] The Court would note that, unless there is an objection by either party, any determination of reasonable attorneys' fees or punitive damages will likely occur in a bifurcated proceeding.

[3] Most of the instances of arguably bad conduct by counsel in this case have resulted in motions for sanctions or motions to compel, for which attorneys' fees were awarded.   The Court will not allow the rehashing of these issues to be done in front of a jury.

any undisclosed evidence unless it was not required to be disclosed or unless the failure to disclose was substantially justified or harmless.

### 13.   Statements about the burden of proof or the basic legal definitions

Plaintiffs request that any statements as to the law regarding burden of proof or other basic legal definitions be precluded until the Court rules on the law applicable in this case. This is a burdensome request, as the Court is not likely to issue any substantive statements on the law until it instructs the jury and there are some statements of the law which are so basic and undisputed that precluding them would be overbroad. Additionally, the Court will deliver burden of proof during voir dire. The Court will **deny** the motion as to this point.

### 14.   Counsel's opinion as to credibility of a witness

Plaintiffs ask that counsel be precluded from commenting as to their opinion of a witness's credibility. Though credibility of a witness is ultimately for the jury to decide, counsel is in no way prohibited from disparaging that credibility in their opening statements or closing arguments. Though there are, of course, some comments that could cross the line and be objectionable, the Court is hesitant to issue a blanket ruling prohibiting "personal opinions" as to credibility. The jury will be instructed that they alone are the judges of a witness's credibility, and counsel for both sides are urged to consider the appropriateness of their statements to the jury. However, the Court finds that the motion as to this point should be **denied**.

### 15.   Comments that award can be reduced by the Court

Plaintiffs request that no comment be made to the jury that the Court can reduce their award by motion as a matter of law. Again, though this is an obviously inappropriate comment that the Court does not feel counsel for either side would make, the motion will be **granted** as to this issue out of precaution.

**16.    Mention of or reference to legal opinions of the parties, counsel, or witnesses**

Plaintiffs and Defendants have agreed that such legal opinions should be excluded, with the exception of allowing Defendants' reference to seeking legal opinions from Fox-Rothschild and allowing Defendants to reference that witnesses invoked their Fifth Amendment rights pursuant to advice of counsel.  The motion will therefore be **granted in part** and **denied in part** with respect to this issue, as agreed upon by the parties.

**17.    Statements that the jury can base their verdict on anything but the evidence**

Plaintiffs ask that the Court preclude any statement or comment implying that the jury can base their verdict on anything but the evidence.  Any such statement or comment would be inappropriate and, though the Court does not believe either counsel would make them, the motion will be **granted** as to this point as a precaution.

**18.    Comments about timely service of trial exhibits**

Plaintiffs request that no comment, statement, or question is made that might suggest that trial exhibits were not timely exchanged as required by the Court.  In the event that a trial exhibit is not timely exchanged, though, and a party attempts to introduce such an exhibit, the Court will not preclude opposing party from objecting.  Defendants, however, have agreed that if this issue comes up at trial, they will approach the bench and will not refer to it in open court.  Because of this agreement, the Court will **grant** the motion as to this issue.

**19.    Comments that a witness was not properly disclosed**

Similarly, because Defendants have agreed that any disclosure issue regarding witnesses will be addressed by approaching the bench, the Court will **grant** the motion as to Plaintiff's request this issue as well.

**20.     Comments about nondisclosed expert opinions**

For the same reasons as above, *see supra* Part II.19, the motion will be **granted** as to this point by agreement.

**21.     Use of exhibits or deposition testimony during opening or voir dire**

Parties have agreed not to publish, display, quote, or read from any exhibit or deposition testimony during voir dire or opening statements.  Because of this agreement, the Court will **grant** Plaintiffs' motion as to this issue.

**22.     Comments about video depositions**

Plaintiffs ask that any comments about the editing of video depositions be precluded at trial.  The Court agrees that such comments should not be made to the jury and will **grant** the motion as to this point.

**23.     Demonstrative aids during voir dire**

Demonstrative aids are not typically allowed in voir dire, and Defendants have given no reason why an exception should be made in this case.  As such, the motion will be **granted** as to this issue.

**24.     Mention of other lawsuits**

Plaintiffs asks that mentions of other lawsuits involving the parties or their affiliates or owners be excluded, arguing that any such reference would be more prejudicial than probative. The operative question under Federal Rule of Evidence 403, though, is whether any probative value is *substantially* outweighed by potential prejudice.  Plaintiffs have not attempted to argue this, and, because one of the allegedly defamatory statements concerns accusations of embezzlement and fraud, the Court finds that these lawsuits may in fact have substantial probative value.  The motion will therefore be **denied** as to this issue.

### 25.     References to dicta in this Court's orders

Plaintiffs request that any mention of dicta from this Court's orders be precluded from trial as more prejudicial than probative.  Plaintiffs once again fail to argue the correct standard under Rule 403, which requires the risk of unfair prejudice to *substantially* outweigh probative value.  Even had they correctly argued this point, though, the Court would still be hesitant to issue such a ruling.  The docket in this action is extensive, and the Court has issued many orders.  It is impossible to ascertain the probative value, if any, of any dicta that might have been in these orders, and therefore impossible to make a judgment at this point in time whether that probative value would be substantially outweighed by prejudice to the opposing party.  As such, Plaintiffs' motion will be **denied** as to this issue.

### 26.     Audits done by Administrative Concepts, Inc.

Plaintiffs argue that the audits done by Administrative Concepts, Inc., and any reference to them, should be excluded from trial as inadmissible hearsay.  However, the contents of these audits are admissible, provided that all of the requirements of Federal Rule of Evidence 803(6) are met, as Arch Insurance's records of regularly conducted activity.[4]  Furthermore, the fact that audits took place at the direction of Arch is not hearsay as defined by Rule 801, as reference to the audits would not be offered to show the truth of their contents but rather that Arch directed an audit of Plaintiffs' work and made an independent decision.  As such, the Plaintiffs' motion will be **denied** as to this point.

---

[4] Rule 803(6) does not, as Plaintiffs argue, require Defendants to submit to them or the Court a "business records affidavit" prior to the introduction of the evidence.

### III.  DEFENDANTS' MOTION *IN LIMINE* [396]

Defendants have filed a Motion to Amend/Correct [407] their Motion *In Limine* [396]. Because this motion was filed after Plaintiffs' Response [401], the Court does not find that it should be considered and will accordingly **deny** it.

1.      **Evidence of future lost income**

Defendants argue that evidence of future lost income must be excluded from trial as they are special damages which should have been specifically pleaded as required by Federal Rule of Civil Procedure 15.   As Rule 15 deals with amended and supplemental pleadings, the Court assumes Defendants mean Federal Rule of Civil Procedure 9, which requires special damages to be specifically pleaded.   However, Defendants have given the Court no authority that would establish that future lost income in this instance would necessarily be classified as special damages. In contrast, Plaintiffs have offered authority that lost profits could be viewed as direct damages, as losses on the contract itself, or consequential damages.   *See Mood v. Kronos Prods., Inc.*, 245 S.W.3d 8, 12 (Ct. App. Tex. 2007).  As the burden is on Defendants as the movants to demonstrate that these damages are special damages in the instant case, the Court will **deny** their motion as to this point.

2.      **Evidence of gross negligence of Trombetta**

Defendants ask that evidence or argument that Defendant Anthony Trombetta committed any act of gross negligence be excluded as Plaintiffs have not properly pleaded any cause of action based on gross negligence.   Plaintiffs have, however, pleaded a cause of negligence against Trombetta, as well as a claim for punitive damages in connection with all of his causes of action. As punitive damages can only be awarded for a negligence claim if there is gross negligence,[5]

---

[5] Under Texas law, punitive damages can only be awarded in cases of fraud, malice, or gross negligence.  Tex. Civ. Prac. & Rem. Code § 41.003.  Malice and fraud are not present in a negligence claim.

9

Plaintiffs have pleaded gross negligence, even if they did not specifically state the term in their complaint.  As such, Defendants' motion will be **denied** as to this issue.

### 3.     Evidence of defamatory statements by specific colleges

Defendants ask that any evidence of allegedly defamatory statements made to the following colleges be excluded as they were not revealed in an appropriate deposition under Federal Rule of Civil Procedure 30(b)(6):  Union College, Youngstown State University, Delta State University, Tiffin University, Cleveland State University, Christopher Newport University, University of Louisiana-Lafayette, Samford University, Glenville State University, and Valdosta State University.  Plaintiffs argue that Defendants are attempting to bind them to their corporate representative's deposition.  The Court does not read Defendants' motion this way.  Instead, Defendants are attempting to bind Plaintiffs to those defamatory statements that were testified to in *any* deposition under Rule 30(b)(6).  The Court finds that this is an appropriate limitation. Though the depositions of representatives from the listed schools, if they took place, are not before the Court for review, we will **grant** Defendants' motion with respect to those schools that were not deposed and those that were but whose representatives did not testify to any defamatory statements.  We will **deny** it as to those of the listed schools which Plaintiffs can show were deposed and whose representatives did testify to defamatory statements.

### 4.     Evidence of future damages calculated using market share analysis or similar

Defendants ask that any testimony or reference to future damages as a market share analysis or similar analysis be excluded as not timely disclosed and as inadmissible under *Southwestern Energy Production Co. v. Toby Berry-Helfand and Gery Muncey*, 491 S.W.3d 699 (Tex. 2016). To the extent that this type of analysis was not timely disclosed, it will be excluded at trial under Federal Rule of Civil Procedure 37(c)(1) unless the failure to disclose was substantially justified

or harmless.  In that respect, the Court will **grant in part** and **deny in part** Defendants' motion as to this issue.  However, insomuch as the motion seeks to object to an expert opinion that has been timely disclosed as inadmissible under *Southwestern Energy*, the Court will **deny** the motion as all challenges to expert opinions were due April 14, 2016.[6]

### 5.      Undisclosed opinion testimony of Bass

Defendants ask that Muzzy Bass, designated as an expert by Plaintiffs, be precluded from offering previously undisclosed opinion testimony.  Plaintiffs argue that some such undisclosed opinions were not required to be disclosed in a supplement.  Without these opinions before the Court, it is impossible to tell if they were required to be disclosed in a supplement under Federal Rule of Civil Procedure 26(e).  However, if they were, Rule 37(c)(1) instructs the Court to exclude them unless the failure to disclose was substantially justified or harmless.  Accordingly, the Court will **grant in part** and **deny in part** Defendants' motion under this point.  It will be **granted** in that those opinions which should have been properly disclosed in a supplement will be excluded unless the failure to disclose was substantially justified or harmless.  It will be **denied** as to those opinions for which a supplement was not necessary or for which the failure to disclose was substantially justified or harmless.

### 6.      Undisclosed evidence of damages

Defendants request that undisclosed evidence of damages for a number of categories be excluded from trial, including the following:  Trombetta contract damages, revenue from billing student health centers, revenue from billing for counseling, revenue from other billing, and revenue from re-pricing for years after 12-13.  Federal Rule of Civil Procedure 26(a)(1)(A)(iii) required

---

[6] Though the deadline to depose expert witnesses was extended to May 17, 2016, it does not appear that the deadline for challenges to expert witnesses was extended.  Regardless, the deadline expired months ago and will not be revived on the eve of trial.

Plaintiffs to provide Defendants with "a computation of each category of damages . . . [and] the documents or other evidentiary material . . . on which each computation is based."  Importantly, such disclosures are required to be made "without awaiting a discovery request," making Plaintiffs' arguments that Defendants never sought this evidence inconsequential.  Fed. R. Civ. P. 26(a)(1)(A).  Under Rule 37(c)(1), failure to make this disclosure is grounds for exclusion unless the failure was substantially justified or harmless.  Defendants have not shown that their failure was substantially justified, and the Court cannot find that the failure to disclose the documentation underlying calculations of damages to be harmless.  Therefore, the Court will **grant** Defendants' motion as to this point, and any damages calculations in the listed categories which are based on documentation not disclosed to Defendants will be excluded.

### 7.   Bass's opinion that "Plaintiffs' damage models, in this case, are reasonable and supportable"

The Court will further **grant in part** and **deny in part** Defendants' request that Bass's opinion that "Plaintiffs' damage models, in this case, are reasonable and supportable."  Bass will be allowed to give such an opinion, but only to those damage models which do not include the excluded damages as outlined above.

### 8.   Arguments that Borden-Perlman, Myers, or Icenhower have committed gross negligence or an intentional tort

Defendants argue that any argument or reference to Borden-Perlman, Kelly Myers, or Dave Icenhower having committed an act of gross negligence or an intentional tort be excluded.  While negligence has not been pleaded against any of these defendants, all of them have at least one intentional tort pending against them.  As such, the Court will **grant in part** and **deny in part** Defendants' motion on this issue.  It is **granted** in that gross negligence should be excluded as to these defendants.  It is **denied** in that there are intentional torts pending against them.

**9.     Opinions of Wood**

Defendants argue that specific opinions of Scott Wood, Plaintiffs' expert, should be excluded as the bases of those opinions were not disclosed to them.  This is a challenge to Wood's expert report that should have been brought as a *Daubert* motion or motion to exclude.[7]  As these types of challenges were due months ago, the Court will not allow them now on the eve of trial. The Motion *In Limine* [396] will therefore be **denied** as to this issue.

**10.     Invocation of the Fifth Amendment by Myers, Icenhower, or any defendant**

During their depositions, Myers and Icenhower invoked the Fifth Amendment in response to questions related to recorded meeting with representative from Arch Insurance.[8]  Plaintiffs argue that there is no prejudice in commenting on these invocations because there is no constitutional problem with such comments.   While there may not be a constitutional problem, though, Defendants are correct that comments about invoking the Fifth Amendment could be unfairly prejudicial to them under Federal Rule of Evidence 403 because of the necessary implication of criminal activity.  The only probative value of the invocations by Myers and Icenhower appears to be for impeachment purposes.   The Court finds that the risk of prejudice to Defendants substantially outweighs this probative value and will **grant** the motion with respect to this issue. Any reference to Defendants' prior invocations of the Fifth Amendment will be excluded under F.R.E. 403.  However, should Plaintiffs be able to show that this evidence is more probative, such as if Defendants "refuse[] to answer questions at trial or answer[] questions differently at trial,"

---

[7] Though Defendants contend that this argument was previously brought in Plaintiffs' Motion to Strike [307], the Court reads it as a new argument.  Regardless of whether it was brought previously, it will not be allowed now.

[8] New Jersey, the state Defendants live and work, has a one-party consent wiretapping law.  Pennsylvania, where the meeting took place, has a two-party wiretapping law.  In recording this meeting, then, Defendants may have run afoul of Pennsylvania criminal law.

the Court is willing to reconsider this ruling.  *See Harrel v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1464-65 (5th Cir. 1992).

### 11.    Use or mention of the recording of the meeting on May 16, 2013

Defendants argue that the recording of the meeting on May 16, 2013, which involved Borden-Perlman, Arch Insurance, and ACI, should be excluded as prejudicial, irrelevant, and violative of Pennsylvania law.  The contents of the recording are relevant under Federal Rule of Evidence 401, as it contains allegedly defamatory statements made by agents of Borden-Perlman.  While the Court recognizes that the creation of the recording and its potential violation of Pennsylvania criminal law might be unfairly prejudicial to Defendants, the recording itself is not.  The Court therefore does not find that exclusion of any use or mention of the recording is appropriate and will **deny** Defendants motion as to this point.

### 12.    Argument that the jury should treat all colleges the same and that evidence concerning one applies to them all

Defendants ask that the Court exclude any argument that the jury should treat all of the relevant colleges the same and that any evidence concerning one college applies to all the relevant colleges.  Defendants are correct that Plaintiffs bear the burden at trial of proving their claims and damages separately as to each school.  For example, Plaintiffs cannot use evidence that Defendants made a defamatory statement to one school to show that the same statement effected another school's decision to not do business with them unless they first connect that statement to that school.  The Court will therefore **grant** Defendants' motion with respect to this point.

### 13.    Damages evidence regarding schools other than Rider University, University of Arkansas-Pine Bluff, and the University of Southern Indiana

Defendants ask that Plaintiffs be precluded from offering any damages evidence other than those connected to Rider University, University of Arkansas-Pine Bluff, and the University of

Southern Indiana.  This is based on a misreading of the Court's previous Order [372], which dismissed the tortious interference of contract claims against Borden-Perlman with respect to all other schools.  However, there are other claims pending against Defendants for which damages from other schools could be considered.  As such, the Court will **deny** Defendants' Motion *In Limine* [396] as to this issue.

### 14.   Punitive damages, fraud, malice, or gross negligence

Defendants ask that all evidence or argument regarding punitive damages, fraud, malice, or gross negligence be excluded.  Because punitive damages are still pending against Anthony Trombetta, the motion will be **denied** with respect to arguments or evidence of punitive damages, fraud, malice, or gross negligence against him.

Though Defendants are correct in that the Court dismissed the punitive damages claims against Borden-Perlman, Kelly Myers, and Dave Icenhower for Plaintiffs failure to adduce evidence of malice or fraud, Plaintiffs are also correct in that the Court found Defendants failed to meet their burden on their affirmative defense in showing that they acted without malice.  (*See* Order [372] at pp. 17, 26-27.)  This leaves evidence of malice relevant to Defendants' affirmative defense.  As such, the Court will **grant in part** and **deny in part** Defendants' motion as to Borden-Perlman, Myers, and Icenhower.  It will be **granted** in that evidence of punitive damages, fraud, and gross negligence will be excluded.  It is **denied** in that evidence of malice will not be excluded.[9]

---

[9] Plaintiffs are advised, however, that even if they are able to introduce evidence of malice at trial to defeat Defendants' affirmative defense to their defamation claim, punitive damages will not be available against Borden-Perlman, Myers, or Icenhower as the claim for punitive damages has already been dismissed with prejudice.

### 15.      Treating Orchestrate HR, Inc., and Vivature, Inc., as the same

Defendants argue that Plaintiffs should be precluded for arguing that Orchestrate HR, Inc., and Vivature, Inc., should be treated the same and that any damages suffered by one is evidence of damages for the other.  Orchestrate and Vivature are two separate legal entities and are both separate plaintiffs in this action.  It is elementary that each plaintiff must prove its own damages.  Though elements of each plaintiff's damages may overlap, this requirement remains.  Orchestrate and Vivature are separate entities, and Plaintiffs will not be allowed to use them interchangeably.  However, because damages to one could be evidence of damages to another, the Court will not issue a blanket ruling stating that Plaintiffs cannot make such an argument.  Defendants' Motion *In Limine* [396] will therefore be **granted in part** and **denied in part** with respect to this issue.  It is **granted** in that Plaintiffs are required to prove damages for each of the plaintiffs specifically and are to refrain from using Orchestrate and Vivature interchangeably.  It is **denied** in that evidence of damages to one may possibly be used as evidence of damages to the other where damages overlap.

### 16.      Testimony, evidence, or reference to attorneys' fees without segregating by cause of action

Defendants ask that any testimony, evidence, or reference to attorneys' fees that have not been segregated by cause of action be excluded.  Under Texas law, "[u]nsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be." *Tony Guillo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991)).  As such, Defendants' motion will be **denied** as to this point.

16

### 17.     Trombetta's admission of perjury

Defendants seek to have excluded from evidence Anthony Trombetta's admission of perjury in his deposition, as they claim the definition given to him was not the correct definition of perjury.  Prior statements made by a defendant are proper impeachment evidence.  Any misconceptions about Trombetta's statements can be addressed on re-direct.  The Court does not find that these statements should be excluded despite any potential "bullying" tactics by counsel during the deposition as they are statements made by Trombetta.  As such, the Motion *In Limine* [396] will be **denied** as to this point.

### 18.     References to depositions with pending objections

Defendants ask that Plaintiffs be precluded from making references to depositions, in particular portions opining that statements made by others were "lies" or perjury, before the objections to those depositions are ruled upon by the Court.  Ordinarily, the Court would issue rulings as to these objections in advance of trial.  However, given the many depositions parties intend to introduce at trial, this may not be feasible.  The Court will therefore **grant** Defendants' motion with respect to this point and prohibit all parties from commenting on any portion of a deposition to which a pending objection has been made until such a time when the Court rules on that objection.

### 19.     Trombetta's spoliation of evidence

Defendants request the Court preclude Plaintiffs from arguing that Anthony Trombetta spoliated evidence.   Plaintiffs do not object to the exclusion of spoliation and its legal ramifications.  The motion will therefore be **granted** with respect to this point.[10]

---

[10] This ruling does not preclude evidence that Trombetta deleted emails or otherwise destroyed evidence.

**20.     Trombetta hiding or destroying documents belonging to Plaintiffs**

Defendants ask that any testimony or reference that Anthony Trombetta hid or destroyed contracts or documents belonging to Plaintiffs because no evidence has been presented that these acts were committed.  The Court is unsure which contracts or documents Trombetta is alleged to have hid or destroyed that belonged to Plaintiffs other than the emails they argue he deleted, for which there appears to be evidence.  Because the Court is not sure what it would be excluding, the motion will be **denied** as to this point.  Defendants are welcome to re-urge this point, though, if and when it becomes relevant at trial.

**21.     Expert opinions of Bass**

Defendants argue for the exclusion of certain expert opinions of Muzzy Bass.  Challenges to expert opinion testimony were due months ago.  The Court will not entertain such challenges now on the eve of trial.  The motion will therefore be **denied** as to this issue.

**22.     Expert opinions of Wood**

Similarly, Defendants also argue for the exclusion of certain expert opinions of Scott Wood.  For the same reasons, the Motion *In Limine* [396] will be **denied** as to this point.

**23.     Reference to any counsel's conduct**

Defendants seek to exclude all reference to any alleged litigation misconduct, including the numerous discovery disputes and sanctions during the course of this litigation.  Discovery disputes are not relevant to any issue to be decided by the jury, and any relevance they may have for impeachment purposes are substantially outweighed by the risk of unfair prejudice.  Defendants' conduct during the litigation will therefore be excluded under Federal Rules of Evidence 401 and 403.

Furthermore, as stated above, *see supra* Part II.11, the Court agrees that the conduct of all counsel in this case is irrelevant in the determination of liability and damages, and Defendants' motion will also be **granted** as to this issue.  However, it will be **denied** in that counsel's conduct could be relevant to the reasonableness of attorneys' fees, but *only* in connection to the instances where attorneys' fees have not already been awarded.[11]

### 24.    Defendants' opposition to a jury trial

Plaintiffs have stated that they have no objection to the exclusion of Defendants' opposition to a trial by jury, provided Defendants are precluded from arguing that Plaintiffs did not want a judge to decide the case.  By agreement, then, the Court will **grant** Defendants' motion with respect to this point, and neither side will be permitted to comment on the other's preferred factfinder.

### 25.    References that Defendants "stole" information or income

Defendants argue that Plaintiffs should be prohibited from saying that they "stole" information or income as there is no accusation or evidence of theft.  This is a semantic argument that is not a proper basis for exclusion at this stage.  Their Motion *In Limine* [396] will therefore be denied as to this point.

### 26.    Reference to the first affidavit of Myers

Defendants seek to exclude any reference to the first affidavit of Kelly Myers as it was subsequently amended.  Prior statements are proper impeachment evidence.  Any clarification of these statements can be addressed on proper re-direct.  As such, Defendants' Motion *In Limine* [396] will be **denied** as to this affidavit.

---

[11] Again, most of the instances of arguably bad conduct by counsel in this case have resulted in motions for sanctions or motions to compel, for which attorneys' fees were awarded.  The Court will not allow the rehashing of these issues to be done in front of a jury.

### 27.     Previous motions and rulings

As Plaintiffs argue, previous motions and rulings in this case could be relevant to a determination of reasonable attorneys' fees.   However, there are some motions for which attorneys' fees have already be awarded.  As such, the Court will **grant** the Motion *In Limine* [396] as to this point with respect to those motions where attorneys' fees have already been granted.  It will be **denied**, however, as to the attorneys' fees in connection to other motions.   Parties are advised, though, that the relevancy of the previous motions and orders in this case is limited to a determination of reasonable attorneys' fees and will not be admitted for any other purpose.

### 28.     Trombetta's sexual relationship with Hope Parker

Parties agree to exclude any evidence of Anthony Trombetta's sexual relationship with Hope Parker.

### 29.     Sandra Liser's professional conduct

Sandra Liser's professional conduct during this litigation, like the conduct of all counsel in this case, is irrelevant in the determination of liability and damages, and Defendants' motion will also be **granted** as to this issue.   However, it will be **denied** in that counsel's conduct could be relevant to the reasonableness of attorneys' fees, but *only* in connection with the instances where attorneys' fees have not already been awarded.[12]

### 30.     Reference to Liser's first affidavit

Plaintiffs have agreed to this point of Defendants' motion, and the Court will **grant** it as agreed.

---

[12] Again, most of the instances of arguably bad conduct by counsel in this case have resulted in motions for sanctions or motions to compel, for which attorneys' fees were awarded.  The Court will not allow the rehashing of these issues to be done in front of a jury.

### 31.    Maldonado affidavit

Defendants argue that the affidavit of David Maldonado must be excluded from evidence as hearsay.  Plaintiffs do not attempt to argue that this affidavit is not hearsay, but state that their experts are allowed to offer opinions based on hearsay and to disclose hearsay for the purpose of sworn testimony.  Though "[a]n expert is permitted to disclose hearsay for the limited purpose of explaining the basis for his expert opinion," he is not allowed to offer it "as general proof of the truth of the underlying matter."  *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983).  To the extent that Plaintiffs are attempting to offer the Maldonado affidavit for the truth of the underlying matter, Defendants' motion will be **granted** as to this point, as it is hearsay to which no exception applies.  To the extent that Plaintiffs' experts will be permitted to use it "for the limited purpose of explaining the basis" for their opinions, it will be **denied**.

### 32.    Affidavit of Lengle

Defendants make the same argument for the affidavit of Tim Lengle.  Plaintiffs argue that Lengle's affidavit is admissible under Federal Rule of Evidence 1006 as a summary of his deposition testimony.  The Court knows of no precedent stating that a single deposition can be said to fall under F.R.E. 1006's requirement of a "voluminous writing[], recording[], or photograph[] that cannot be conveniently examined in court."  Furthermore, Plaintiffs have not shown that Lengle's deposition is so long that it cannot be offered itself without an affidavit summarizing it.  Plaintiffs cannot, therefore, defeat the hearsay problems with this affidavit through F.R.E. 1006.  To the extent that the affidavit is being offered for the truth of its contents, the Court will **grant** the Motion *In Limine* [396] as to this point, as it is hearsay to which no exception applies.  To the extent that Plaintiffs' experts will be permitted to use it "for the limited purpose of explaining the basis" for their opinions, it will be **denied**.

### 33.     Affidavit of Shelton

Defendants and Plaintiffs make identical arguments concerning the affidavit of Thomas C. Shelton as they do about the affidavit of Lengle.  For the same reasons, the Court will **grant** the Motion *In Limine* [396] as to this point, as it is hearsay to which no exception applies.  To the extent that Plaintiffs' experts will be permitted to use it "for the limited purpose of explaining the basis" for their opinions, it will be **denied**.

### 34.     Affidavit of Davenport

Parties make similar arguments as to the affidavit of Robert Davenport.  For the same reasons, the Court will **grant** the Motion *In Limine* [396] as to this point, as it is hearsay to which no exception applies.  To the extent that Plaintiffs' experts will be permitted to use it "for the limited purpose of explaining the basis" for their opinions, it will be **denied**.

### 35.     Revised video deposition testimony

Defendants ask that reference to any timely revised video deposition testimony be excluded.  While this Court takes a broad approach in allowing the revising of deposition testimony, as a safeguard, it allows for the original answers to be read at trial.  *Reilly v. TXU Corp.*, 230 F.R.D. 468, 490 (N.D. Tex. 2005).  As such, Defendants' Motion *In Limine* [396] will be **denied** as to this point.

### 36.     Any alleged violation of the agreed temporary injunction

Plaintiffs have no objection to the exclusion of any alleged violation of Defendants' part of the agreed temporary injunction, provided that Defendants are not allowed to reference any alleged violation of Plaintiffs' part.  The Court will therefore **grant** Defendants' motion as to this point, and no party shall be allowed to reference any alleged violation by the opposing party of the agreed temporary injunction.

22

### 37.    Undisclosed documents

As stated above, *see supra* Part II.12, under Federal Rule of Civil Procedure 37(c)(1), if a party fails to make a required disclosure under Rule 26(a) or (e), they are precluded from using the information or witness at trial "unless the failure was substantially justified or is harmless."  The Court will therefore **grant in part** and **deny in part** Defendants' request and preclude any undisclosed documents unless they were not required to be disclosed or unless the failure to disclose was substantially justified or harmless.

### 38.    Displaying or discussing documents not in evidence

Defendants ask that the Court prohibit the displaying or discussing of the contents of any document not admitted into evidence or whose admissibility is not agreed to by the parties. Plaintiffs object to this point insofar as it would prohibit their experts from discussing inadmissible evidence for the limited purpose of explaining the basis of their opinion.  The Court agrees that no evidence should be displayed or discussed in front of the jury unless it has been admitted to evidence, but also recognizes that experts are allowed to discussed inadmissible evidence for this limited purpose.  The Motion *In Limine* [396] as to this point will therefore be **granted in part** and **denied in part** accordingly.

### 39.    References to motions *in limine*

Both parties agree that no reference should be made to motions *in limine*, and the Court will therefore **grant** Defendants' motion as to this point.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion *In Limine* [395] is **granted in part** and **denied in part** as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion *In Limine* [396] is **granted in part** and **denied in part** as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Amend/Correct [407] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 20th day of January, 2017.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE